Petitioner is before the court on a writ of habeas corpus. He was accused in Bridgeport, Connecticut, on August 24th, 1944, of non-support of his wife, committed on August 23d 1944. A warrant was issued for his arrest in Bridgeport which was not served because of the return of the superintendent of police that he was not found within the city.
Application was made to the Governor for his extradition. He was arrested in this state. His extradition was ordered by the Acting Governor of this state and he, thereupon, brought this writ of habeas corpus.
Petitioner contends that he is clearly not guilty of the crime of which he is accused, and that the proceedings for his extradition are defective. He testified at the hearing before this court that he is and has been for years a resident of New Jersey, that he was not present in Bridgeport at the time of the commission of the alleged offense and that, in fact, on that day he was engaged in his regular employment in a war plant here. The sole evidence of his presence in Bridgeport on August 23d 1944, was the testimony of his wife who said she saw him in Bridgeport on that day. There was substantial corroboration of petitioner's testimony to render it very doubtful that, in fact, petitioner was in Bridgeport at that time.
However, this court is not in a position to decide the merits as to whether petitioner was guilty or not. In re Thompson,85 N.J. Eq. 221, the court held:
"A habeas corpus testimony shall not be weighed as to the presence in or absence from the demanding state, of an alleged fugitive from justice, at the time of the stated commission of the crime therein by him and that, on habeas corpus, it is not competent to try the question of alibi, or of the guilt or innocence of the accused." *Page 187 
To the same effect is Hyatt v. New York, 188 U.S. 691,
where the court said:
"The court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence of the subject of presence in or absence from the state, ashabeas corpus is not the proper proceeding to try the question of alibi or any question as to the guilt or innocence of the accused."
The second contention of the petitioner is that the extradition proceeding is irregular. Extradition is based primarily on the United States Constitution, article 4, section 2, clause 2, which is given effect by Statute 18, U.S.C. §§ 662 et seq.
This statute so far as is relevant to this proceeding is substantially the same as the New Jersey Revised Statutes,chapter 185, article 1. R.S. 2:185-11, provides as follows:
"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging that the accused was present in the demanding state at the time of the commission of the alleged crime, and that, thereafter, he fled from the state (with an exception relevant here) and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime or by a copy of an affidavit made by a magistrate there, together with a copy of any warrant which was issued thereon. * * *
"The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state and a copy of the indictment, information, affidavit or judgment of conviction or sentence must be authenticated by the executive authority making the demand."
Section 2:185-28 provides that:
"The guilt or innocence of the accused shall not be inquired into by the governor of this state."
R.S. 2:185-18 provides for a writ of habeas corpus to test the validity of the extradition proceeding.
The sole basis for the proceeding here was not what is designated in the document as criminal information. It reads as follows: *Page 188 
"STATE OF CONNECTICUT | 
COUNTY OF FAIRFIELD |
SS BRIDGEPORT, August 24th, 1944. STATE vs. JOHN G. FRITZ
In the City of Bridgeport, Pasqual Vioni, Prosecuting Attorney, accused the above named defendant of non-support of wife Jennie (Section 6265 G.S. 1930, as amended) on August 23rd, 1944.
Wherefore said Prosecuting Attorney prays process against said accused that said accused may be arrested and be thereon dealt with according to law.
Dated at the City of Bridgeport, the day and year first aforesaid.
 PASQUAL VIONI, Prosecuting Attorney."
There is no affidavit of any kind verifying this information or complaint, nor is there any indictment.
It is contended by the petitioner that the charge does not substantially charge him with a crime in the State of Connecticut because it accuses him of non-support with a reference, presumably to one of the sections of the statutes. It is not specified that petitioner intentionally failed to support his wife as is provided in the New Jersey statute, R.S. 2:204-1 and2. However, this is not a matter which can be decided here but would have to be passed on by a Connecticut court. The laws of that state might constitute a crime out of facts which might not be a crime in this state.
The courts of this state will not pass upon the validity of a complaint filed in another jurisdiction. Ex parte Williams,101 N.J. Eq. 75.
The extradition papers are, however, fatally defective in that they are not based upon any indictment, or affidavit. The purpose of the statute in requiring such an indictment or sworn complaint is obvious. There must be some proof of the probable guilt of the accused so as to prevent his removal on unfounded accusations.
The statute expressly provides for this and for the authentication thereof by the Governor of the demanding state. The record here is wholly bare of compliance with the requirements of the statute. The sole basis here is a charge signed by the prosecuting attorney on August 24th, 1944, accusing petitioner of non-support on the preceding day. He does not say that he has personal knowledge of the commission of the *Page 189 
alleged crime, nor does he state the sources of any information on which he bases the charge. On the record, the wife makes no charge nor is there any affidavit by her in support thereof.
In my opinion the demanding state has failed to comply with the provisions of the statute. For that reason the writ must be sustained and the petitioner discharged from custody. *Page 190