## NORMA MOORE, petitioner.

Plymouth. February 15, 1974. — July 1, 1974.

Present: ROSE, GOODMAN, & GRANT, JJ.

*Extradition and Rendition. Evidence*, Presumptions and burden of proof. *Words*, "Information."

The California practice whereby a criminal information may be filed only after an examination, pursuant to a written complaint, by a magistrate at which the accused is entitled to have counsel, to cross-examine, and to present evidence, and a finding by the magistrate of probable cause to believe the accused guilty, made it unnecessary that a California demand for interstate rendition based on such an information be also accompanied by an affidavit of facts showing probable cause in order to satisfy G. L. c. 276, § 14, 18 U.S.C. § 3182 (1970), and the Fourth Amendment to the Federal Constitution. [400-402]

The Massachusetts practice whereby the burden is on the Commonwealth to prove that a person arrested here on a warrant issued pursuant to a demand for interstate rendition is the person intended to be charged with crime in the demanding State made it immaterial that aliases not appearing in a criminal information filed in a demanding State were added to the demand and to the warrant [402-403]; and the Commonwealth's burden was satisfied by evidence that a police officer of the demanding State appeared at the hearing here and identified the person arrested as the person sought in the rendition papers and warrant [403-404].

PETITION for a writ of habeas corpus filed in the Superior Court on November 13, 1972.

The case was heard by *Kent B. Smith,* J.

*Lawrence D. Shubow* for the plaintiff.

*Barbara A. H. Smith,* Assistant Attorney General, for the Commonwealth.

ROSE, J.   This case involves a petition for a writ of
habeas corpus brought by a person arrested under the
Uniform Criminal Interstate Rendition Law, which has
been enacted by Massachusetts with minor variations and
is found in G. L. c. 276, §§ 11-20R, as appearing in
St. 1937, c. 304, § 1. The petitioner was arrested pursuant
to a rendition demand filed by the Governor of Califor-
nia which was based on a California information charg-
ing the petitioner with five counts of burglary.   The
petitioner has appealed from, and taken exception to, the
denial of her petition and has further excepted to the
denial of certain of her requests for rulings.

1.   The first group of exceptions argued by the petition-
er concerns the Governor of California's alleged failure to
comply with the provisions of G. L. c. 276, § 14,[1] and
18 U.S.C. § 3182 (1970).[2] The petitioner reads §§ 14 and
3182 to require that a demand for rendition based on a
criminal information be accompanied by an affidavit
containing facts which would support a finding of prob-
able cause against the person whose rendition is sought
(see *Raftery* v. *Bligh*, 55 F. 2d 189, 194 [1st Cir. 1932],

_____

[1] G. L. c. 276, § 14, reads in relevant part as follows:   "No
demand for the interstate rendition of a person charged with crime in
another state shall be recognized by the governor unless . . . such
demand is accompanied by a copy of an indictment found, or of an
information supported by affidavit, in the demanding state, or by a
copy of an affidavit made before a magistrate of such state, and by a
copy of the warrant which was issued thereon, or by a copy of a
judgment of conviction or of a sentence imposed in execution thereof
in the demanding state . . . ."

[2] Although the proceedings in this case were held pursuant to G. L.
c. 276, interstate rendition is governed in the first instance by art. 4,
§ 2, of the Constitution of the United States, as implemented through
18 U.S.C. § 3182 (1970).   State legislation in this area is valid only
insofar as it aids, assists and facilitates the operation of the constitu-
tional provision and Federal enactments thereunder.   See *Harris,
petitioner,* 309 Mass. 180, 183 (1941), and cases cited. Section 3182
reads in relevant part as follows: "Whenever the executive authority
of any State . . . demands any person as a fugitive from justice, of the
executive authority of any State . . . to which such person has fled,
and produces a copy of an indictment found or an affidavit made

decided under the predecessor of § 3182; cf. *In re Fritz*, 137 N.J. Eq. 185, 188 [1945]; *People* v. *Skinner*, 284 App. Div. 770, 772 [N.Y. 1954]) and argues that a showing of probable cause is required in any event by the Fourth Amendment to the Constitution of the United States. See *Kirkland* v. *Preston*, 385 F. 2d 670, 675-676 (D.C. Cir. 1967). It is the petitioner's contention that the affidavits filed in the case at bar were not sufficient to support such a finding.

An examination of California practice reveals that an information may be filed against an accused only after he has been examined and a finding of probable cause has been made by a magistrate. See California Constitution, art. 1, § 8; *Parks* v. *Superior Court*, 38 Cal. 2d 609, 611 (1952). The examination provided for by California law is held pursuant to a written complaint filed in court. *Wilson* v. *Harris*, 351 F. 2d 840, 843 (9th Cir. 1965), cert. den. 383 U.S. 951 (1966). The accused is entitled to the assistance of counsel at the examination (California Constitution, art. 1, § 8) and has the right to cross-examine prosecution witnesses and to present witnesses in his own behalf. *Jones* v. *Superior Court*, 4 Cal. 3d 660, 667 (1971), and cases cited. If it appears from the examination that the offense charged has been committed and that there is probable cause to believe the accused guilty thereof, the magistrate orders the accused held for trial, in which event an information is filed against him; otherwise, the accused is discharged. See *Wilson* v. *Harris, supra*.

The California process described above differs substantially from the procedure employed in other jurisdic-

---

before a magistrate of any State . . . charging the person demanded with having committed treason, felony, or other crime, . . . the executive authority of the State . . . to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear."

tions. In those States which permit prosecution by information it is typically "a written accusation of crime preferred by a public prosecuting officer without the intervention of a grand jury." Anderson, Wharton's Criminal Law and Procedure, § 1723. 41 Am. Jur. 2d, Indictments and Informations, § 1. See *People* v. *Bessenger,* 273 App. Div. 19, 23 (N.Y. 1947). In light of the nature of the usual criminal information, the reason for the affidavit requirements embodied in §§ 14 and 3182 is clear: since an information is customarily not based on a finding of probable cause, an affidavit is necessary to furnish "some proof of the probable guilt of the accused . . . [and] to prevent his removal on unfounded accusations." See *In re Fritz, supra,* at 188. That purpose is served in California by the requirement that an information be filed pursuant to a judicial determination of probable cause.

We are of the opinion that the term "information" as used in G. L. c. 276, § 14, refers to the practice, common in a number of States, of initiating criminal prosecutions on the bare accusation of a public official, and not to the more rigorous process employed by the State of California in the case at bar. We hold that California's information procedure includes all the safeguards which the affidavit requirements of G. L. c. 276, § 14, and 18 U.S.C. § 3182 (1970) were intended to provide and, consequently, that supporting affidavits were not required in the circumstances of the case at bar. Finally, because the issuance of the present information was necessarily predicated upon a prior judicial finding of probable cause, the California demand met such requirements as may exist by virtue of the Fourth Amendment to the Constitution of the United States.

2. The petitioner also argues, in support of certain of her exceptions, that the Governors of California and Massachusetts acted illegally when they added to the demand for rendition and to the Massachusetts arrest warrant aliases which did not appear in the original Cal-

ifornia information.[3]  It is settled, as the authorities cited by the petitioner confirm, that "the name in the warrant is immaterial if the person arrested is, in fact, the identical person indicted or intended to be charged in the demanding State, the only effect of such an . . . unauthorized . . . [insertion] being to shift the burden of proof to the respondent as to identity." *People* v. *Meyering*, 358 Ill. 589, 594 (1934).  See also *Poulin* v. *Bonenfant*, 251 A. 2d 436, 440 (Me. 1969).  Since under Massachusetts practice the burden of proof on the issue of identity rests in any event with the Commonwealth (see *Baker, petitioner*, 310 Mass. 724, 731, 732 [1942], cert. den. sub nom. *Baker* v. *Delay*, 316 U. S. 699 [1942]), the only consequence of the addition of aliases by the Governors was to deprive the Commonwealth of the benefit of whatever inferences could have been drawn from an identity of names in the documents.  See, e.g., *Baker, petitioner, supra*, at 731.  That the burden of proof as to identity in this case was on the respondent is confirmed by the petitioner's fifth request for a ruling of law, which was granted by the judge.[4]

The petitioner contends, finally, that the judge's implied finding that she was the person named in the information was not supported by evidence.  By agreement of the parties, the judge submitted an affidavit to this court summarizing the evidence relevant to the issue of identification.[5]  It is stated in the affidavit that a Los Angeles police officer appeared at the hearing and identified the petitioner as the woman whom he had arrested

[3]The California information was in the name of "Norma Morse," but a rendition demand dated September 6, 1972, and the Massachusetts arrest warrant each identified the person sought as "Norma Morse a/k/a Lauris Goodman a/k/a Norma Moore a/k/a Delores Johnson."

[4]The requested ruling was as follows: "5.  The burden is on the respondents to prove the person arrested is the person demanded by California and the person duly charged in California."

[5] This procedure was adopted because the official reporter's notes of the testimony given at the habeas corpus hearing were lost.

in California and as the person sought under the rendition papers and warrant. We believe that this evidence amply supported the judge's finding on the issue of identification.

3. Other exceptions were not argued in the petitioner's brief and are deemed waived. Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972). We need not decide whether an appeal under G. L. c. 231, § 96, lies from the judge's order denying the petition as every question sought to be raised thereby is also the subject of an exception. See *Baker, petitioner, supra,* at 727; *Selmon, petitioner,* 365 Mass. 632 (1974).

> *Appeal dismissed.*
> *Exceptions overruled.*