LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal in an extradition case.
A hearing was conducted by the trial court on appellant’s petition for writ of habeas corpus directed to the Sheriff of Mobile County, Alabama. According to the undisputed evidence at said hearing, law enforcement authorities of Mobile County, Alabama, had arrested petitioner-appellant on two rendition warrants issued by the governor of Alabama. One was issued on January 3, 1980, in response to a requisition from the governor of Texas; the other on January 15, 1980, in response to a requisition from the governor of Colorado. The Texas requisition was based upon the alleged conviction of appellant of the possession of a controlled substance and the violation of the terms of his probation; the *267 Colorado requisition was based on the alleged theft of an automobile.
The rendition warrants, the requisitions and the supporting documents were introduced in evidence. Petitioner’s counsel challenged the legal sufficiency of each requisition and corresponding rendition warrant. The testimony of two witnesses was introduced by petitioner in support of his contention as to the charge of the State of Colorado, which appears to have raised some doubt in the mind of the trial judge as to the extraditionability of petitioner in the Colorado proceeding. The trial court reached a conclusion in favor of the validity of the extradition proceeding of Texas and therefore denied the petition for habeas corpus. In doing so, it stated:
“Relative to the issue of the Governor’s warrant of the State of Alabama on the request of the Governor of the State of Colorado, that appears to be moot at this time. They can file that in the State of Texas.”
There is no issue between the parties on appeal as to the Colorado extradition proceeding.
The only issue expressly presented by appellant is stated in appellant’s brief as follows:
“The demand for extradition is defective due to the absence of an information supported by affidavit to the facts.”
Appellant does not contend that there was no affidavit but emphasizes the words “affidavit to the facts” in arguing that the affidavit given by the district attorney in Texas of the district in which petitioner had been convicted and placed on probation for the possession of a controlled substance was not sufficient. The affidavit states in the conclusion thereof:
“In my opinion, the facts stated in the State’s motion to Set Aside Conditional Discharge Order for First Offense are true.”
It should be noted, however, that the “APPLICATION FOR REQUISITION” which is verified by the said affidavit of the district attorney also states:
“I, Edward J. Walsh, District Attorney, in and for Williamson County, Texas, do hereby make application for the requisition and return to this State of Mike Gage who has been found guilty in the 26th Judicial District Court of Williamson County, Texas, of the crime of Possession of a Controlled Substance but who has, since his having been found guilty and released on probation as more fully appears in a Conditional Discharge Order For First Offense, failed to abide by the terms of his probation as more fully appears from the Motion to Set Aside Conditional Discharge Order For First Offense, and before an arrest could be made upon process issued, and with a view of avoiding same, fled from the justice of this State and has taken refuge and is now to be found in the County of Mobile, State of Alabama.”
Although an affidavit based on the affiant’s information and belief as distinguished from what he personally knows. would not ordinarily meet the requirements of an affidavit sufficient to justify the issuance of a requisition or a rendition warrant for an alleged fugitive- who has allegedly committed a crime in the state from which he is a fugitive, the nature of the crime charged in the instant case is such that knowledge of another’s guilt or probable cause for believing him guilty would ‘ hardly come to any one person firsthand as an eyewitness to the commission of the crime. The supporting papers that were introduced in evidence and formed some of the basis for the affidavit show as a matter of record that on January 5,1978, appellant, appearing in person and by his attorney, pleaded guilty to the charge of possession of a controlled substance, that he was found guilty by the District Court of Williamson County, Texas, 26th Judicial District, that at his request he was granted a “conditional discharge,” that further proceedings in the case were “deferred and the defendant placed on probation” for a period of two (2) years, and that among the terms of probation were the following:
“4. Report to the Probation Officer on the second Thursday of each month.

*268

“8. Remain within Williamson County, Texas, unless permitted to depart by the Court or the Probation Officer.

“10. Pay his fine, if one be assessed, and the costs of Court, in one sum or several sums, and make restitution or reparation in any sum the Court shall determine, to-wit: $50.00 — Court costs (to be paid to the District Clerk of Williamson County, Texas, within ten days.)”
The transcript in the instant case shows also that in the “State’s Motion to Set Aside Conditional Discharge Order for First Offense” filed in the District Court of Williamson County, Texas, in August 1979, it is stated that defendant had violated the conditions of his probation in failing to report as directed for the months of August, September, November and December, 1978, and for the months of January, February, March, April, May and June, 1979, and that on September 10, 1979, a warrant had been issued by the district clerk of said court for an instanter arrest of the defendant-appellant.
Appellant seems to concede that the proceeding instituted by an assistant district attorney and verified by the appropriate district attorney in Texas is the equivalent of an information. The district attorney should be the most knowledgeable official in his district as to persons who have been convicted in the particular district court, the facts and circumstances as to the convictions, whether their sentences have been suspended and, if so, whether their probation is still subject to revocation. Whether his knowledge on the subject was obtained by him firsthand, or from the court records, or from his assistants or from probation officers, his official statement as to whether a particular person had been convicted of a particular offense and placed on probation within two years prior to the statement and that he had grossly violated the terms of the probation for a majority of the preceding months during which he was under probation would be expected to be thoroughly reliable and trustworthy. When all of this is considered in connection with the undisputed fact that appellant was apprehended in another state to which he had no right to go under the terms of the probation without consent of the court or the probation officer, a reasonable conclusion follows that the affidavit made by the district attorney is sufficient. In the absence of any evidence or showing to the contrary, it is practically conclusive.
Although appellant does not raise the point, we note that the affidavit was sworn to before a notary public and not before a magistrate.
In prescribing the procedure for interstate extradition of alleged fugitives from justice, Congress has provided that it is to be commenced by “. . . a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime ...” 18 U.S.C. § 3182. Even so, the quoted provision of the cited federal law does not necessarily control, for the reason that the provision of the Constitution of the United States for interstate extradition (Art. IV § 2) is not for the benefit of fugitives but is for the benefit and protection of constituent states and territories of the United States, to enable them to obtain from an asylum state fugitives from the former who have fled therefrom by reason of prosecution for their unrequited crimes committed therein. Woods v. State, 264 Ala. 315, 319—322, 87 So.2d 633 (1956).
The governing statutory law of Alabama on the subject is not as exacting and definite as the quoted federal law. Code of Alabama 1975, § 15-9-31 provides:
“No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found, or by an information supported by affidavit, in the state having jurisdiction of the crime or by a copy of an affidavit made before a magis-. trate there, together with a copy of any warrant which was issued thereon. The indictment, information or affidavit made *269 before the magistrate must substantially charge the person demanded with having committed a crime... . ”
Section 15-9-33 provides:
“A warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show ... that he [the accused] is lawfully charged by indictment or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of crime in that state and has escaped from confinement or broken his parole.”
“Assuming” that the mentioned proceedings filed by an assistant district attorney in Texas and verified by the appropriate district attorney “serves as an information,” as does appellant in his argument, it would seem that we can assume that he recognizes that, as held in Rayburn v. State, Ala.Cr.App., 366 So.2d 698, cert. denied, 366 So.2d-708 (1979), the law of the requisitioning state would be such that the “information procedure” thereof “includes all the safeguards which the affidavit requirements of ... 18 U.S.C. § 3182 were intended to provide and, consequently, that supporting affidavits were not required in the circumstances of the case.” See In re Moore, 2 Mass.App. 399, 313 N.E.2d 893 (1974), cited and quoted with approval in Rayburn v. State, supra, as to that part of the opinion that dealt with “two informations” in the extradition case there under review. We do not find it necessary to analyze the law of Texas as to its statutory “information procedure” to determine whether it must be based upon an affidavit, as we have already held herein that there was a supporting affidavit in the instant case.
Moreover, regardless of whether there was a conventional information, there was neither necessity nor reason for a supporting affidavit before a magistrate in the instant case, as there is in an extradition case in which there is neither an indictment nor an information but which is based upon a complainant’s affidavit that a crime has been committed. The reason is that before the application for the requisition in the latter type of case reaches the chief executive of the requisitioning state, it should go through a screening process via a magistrate, an official vested with authority to determine the existence vel non of sufficient facts to justify probable cause for believing that a crime has been committed, or stated otherwise whether he would be justified in his official capacity in issuing a warrant for the arrest of the accused. In Alabama, and generally we think, a magistrate does not have authority to issue a warrant for the arrest of a defendant for violating the terms of an order or judgment granting him probation and suspension of the sentence imposed upon him. In Alabama, that authority is in the court in which he was convicted and sentenced. Code of Alabama 1975, § 15-22-54(c). By (d) of said section, an arrest may be made without a warrant by a probation officer or other officer upon the request of the probation officer.
In the case now under consideration, it affirmatively appears without dispute that prior to the application to the chief executive of Texas for requisition of appellant, an order had been issued by the District Court of Williamson County, Texas, Twenty-sixth Judicial District “to take the body of” appellant and have him before that Court to answer the Motion of the State of Texas to Set Aside his Conditional Discharge; that appellant has been previously indicted, convicted and placed on probation, which by its terms forbade his entering Alabama without the consent of his probation officer and that his period of probation had not expired at the time he was found in Alabama. We find no reason for his not’ being delivered to the Texas authorities for return to Texas to answer the pending proceeding against him. It follows that the judgment of the trial court was correct and should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the *270 provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.