ARMAND ROBICHAUD, PROSECUTOR, v. DANIEL J. BREN-
NAN, JUDGE OF THE ESSEX COUNTY COURT OF COM-
MON PLEAS, ET AL., DEFENDANTS.

Argued January 16, 1946—Decided September 21, 1946.

Before Justices Donges, Heher and Colie.

For the prosecutor, *Richard J. Fitzmaurice* and *John Milton.*

For the defendants, *C. William Caruso, Jerome B. Litvak* and *Kim Sigler* (of the Michigan bar).

The opinion of the court was delivered by

Donges, J. The writ of *certiorari* in this case was issued to review the action of Judge Brennan, then Judge of the Essex County Court of Common Pleas, in dismissing a writ of *habeas corpus* allowed to review the detention of Armand Robichaud, prosecutor, and the extradition of said Robichaud to the State of Michigan.

A single question is necessary to determination in this case, namely, whether the procedure adopted by the State of Michigan is adequate, under the law, to require and warrant the Governor of the State of New Jersey to turn the prosecutor over to the demanding state.

Prosecutor argues that the procedure in the instant case does not comply with the requirements of the extradition

statutes of either the federal government or the State of New Jersey. The Constitution of the United States, article IV, section 2, clause 2, provides:

"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

In 1793 the Congress of the United States enacted (18 U. S. C. A., 284, § 662, *Criminal Code and Criminal Procedure*), as follows:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, * * * it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured * * * and to cause the fugitive to be delivered to such agent" as shall be designated by and appear for the demanding executive authority.

New Jersey adopted what is known as the Uniform Criminal Extradition Act on March 30th, 1936, which is *N. J. S. A.* 2:185–6 to 2:185–35. Section 11 provides in part:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing * * * and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. * * * The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

The Governor of Michigan made due authentication that the warrant issued was in accordance with the laws of that state and charged the accused with a crime under the laws of that state.

By the statutes of Michigan, sections 17217 and 17218 (*Stat. Ann.*, §§ 28.943 and 28.944) it is provided:

Sec. 17217: "Whenever by reason of the filing of any complaint, which may be upon information and belief, any justice of the peace, police judge or judge of a court of record shall have probable cause to suspect that any crime, offense, misdemeanor or violation of any city ordinance shall have been committed within his jurisdiction, and that any person may be able to give any material evidence respecting such offense, such justice or judge in his discretion may, and upon the application of the prosecuting attorney or city attorney in the case of suspected violation of ordinances, shall require such person to attend before him as a witness and answer such questions as such justice or judge may require concerning any violation of the law about which he may be questioned * * *."

Sec. 17218: "If upon such inquiry the justice or judge shall be satisfied that any offense has been committed and that there is probable cause to suspect any person or persons to be guilty thereof, he may cause the apprehension of such person or persons by proper process and, upon the return of such process served or executed, the justice or judge shall proceed with the case, matter or proceeding in like manner as upon formal complaint. * * * And in respect of communicating or divulging any statement made by such witness during the course of such inquiry, the justice, judge, prosecuting attorney and other person or persons who may, at the discretion of such justice, be admitted to such inquiry, shall be governed by the provisions of law relative to grand jurors."

It appears by the record herein that Leland W. Carr, one of the Judges of the Circuit Court of the County of Ingham, inquired into the complaint and, thereupon, issued the warrant for prosecutor Robichaud, upon his certification of the alleged unlawful acts of said Robichaud. The warrant sets forth the issue at length and clearly alleges the charges. It

states that the inquiry was conducted in accordance with the sections of the Michigan statutes above set forth. In *People* v. *Kert*, 304 *Mich.* 148; 7 *N. W. Rep.* (*2d*) 251, the Supreme Court of Michigan said, in a case where the Judge of the Circuit Court for Wayne County issued a warrant in form as in this case that the warrant showed "that the investigation was assigned to the judge who acted as a one-man grand-jury; that there was probable cause to suspect the conspiracy, *et cetera.* The grand-jury warrant took the place of an indictment, which under the Code of Criminal Procedure, 3 *Comp. Laws* 1929, ¶ 17118 (*Stat. Ann.,* ¶ 28.843) includes the words information, presentment, complaint, warrant and any other formal written accusation." Other cases are to the same effect. *In re Watson*, 291 *N. W. Rep.* 652; *In re Petition for Investigation of Recount, &c.,* 258 *Id.* 776; *People* v. *St. John*, 278 *Id.* 754; *People* v. *Ewald*, 4 *N. W. Rep.* (*2d*) 456.

The learned judge of the court below in passing upon this question held:

"1. That it charges a crime against the petitioner and others in the manner provided by the laws of the demanding state;

"2. That the charge is made by a duly constituted grand jury under the statute law of Michigan;

"3. That such warrant as is now before the court is a sufficient instrument on which the petitioner could be apprehended and held for trial in the demanding state."

With these conclusions we agree. The warrant is, in effect, an indictment within the meaning of the extradition statute, is in compliance therewith and alleges an offense against the laws of the State of Michigan. The authorities in this state will not pass upon the validity of a complaint filed in another jurisdiction. *In the matter of Peter Voorhees*, 32 *N. J. L.* 141; *In re Williams*, 101 *N. J. Eq.* 75.

The writ of *certiorari* is dismissed, with costs.