[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 96 
The petitioner appeals from an order of the Law Division discharging a writ of habeas corpus and *Page 97 
remanding him into the custody of agents of the State of New York pursuant to an extradition warrant of the Governor of the State of New Jersey.
On September 10, 1948, the grand jury of the County of New York directed the District Attorney to file an information in the Court of Special Sessions charging the petitioner Max Stark and others with the crime of conspiracy in violation of section 580 of the Penal Law of New York. On September 13, 1948, the direction of the grand jury was approved by a judge of the Court of General Sessions. Thereafter, the District Attorney filed an information charging that the petitioner and others unlawfully conspired in New York to commit crimes and acts injurious to public morals, and for the perversion and obstruction of justice and the due administration of the laws, in that they conspired to violate "the laws of the State of New Jersey and to aid other persons in the violation of those laws by aiding, abetting and assisting in the County of New York the maintenance and keeping in the State of New Jersey of places to which persons might and did resort for gambling in various forms and by aiding, abetting and assisting in the County of New York the conduct in the State of New Jersey of the practice commonly known as bookmaking." The information also set forth overt acts allegedly committed in New York in furtherance of the conspiracy. A bench warrant was issued and the return thereto indicated that petitioner could not be found within the State of New York.
On October 25, 1948, the District Attorney applied to the Governor of New York for a requisition upon the Governor of New Jersey for petitioner who, it was alleged, had been charged with the crime of conspiracy and was a fugitive from justice of New York and was in New Jersey. Attached to the application was an affidavit by an Assistant District Attorney setting forth the facts pertaining to the grand jury proceedings which resulted in the filing of the information and alleging that the petitioner had been seen in New York practically daily during the period of the alleged conspiracy and that he was now in New Jersey, a fugitive from justice. On *Page 98 
October 25, 1948, the Governor of New York addressed a requisition to the Governor of New Jersey which certified that the papers annexed thereto were authentic and duly authenticated in accordance with the laws of New York and that it appeared therefrom that the petitioner stands charged in New York with the crime of conspiracy, which he certified to be a crime under the laws of New York, and that the petitioner was present in New York at the time of the commission of the crime and had thereafter fled and was now in New Jersey. On October 27, 1948, the Governor of New Jersey, after reciting the necessary facts (R.S.
2:185-15), honored the demand and directed that the petitioner be delivered to agents of the State of New York.
In support of his appeal from the judgment of the Law Division discharging his writ of habeas corpus, the petitioner contends (1) that the formal documents supporting the extradition proceeding were insufficient, and (2) that he was not substantially accused of a crime.
 1.
The provisions relative to the extradition of persons accused of crime in other states are found in article IV, section 2, clause 2, of the Constitution of the United States, chapter 209 of the recent revision of the United States Code covering Crimes and Criminal Procedure (18 U.S.C.A., § 3182) and the Uniform Criminal Extradition Law adopted in New Jersey in 1936 (R.S.
2:185-6, et seq.). Although the Congressional Act mentions indictments and affidavits before magistrates charging the commission of crime it does not refer, by name, to criminal informations which are well recognized in the practice of other states including New York. However, the act is entitled to a liberal construction in the light of its important public objectives [see Biddinger v. Commissioner of Police of the Cityof New York, 245 U.S. 128, 62 L.Ed. 193 (1917)] and there have been indications that criminal informations in states which allow them will be treated as indictments for extradition purposes. See In *Page 99 the Matter of Strauss, 197 U.S. 324, 332, 49 L.Ed. 774, 779
(1905); People, ex rel. Lyman v. Smith, 352 Ill. 496,186 N.E. 159 (Sup. Ct. 1933). See, also, Robichaud v. Brennan,134 N.J.L. 532 (Sup. Ct. 1946); affirmed, 135 N.J.L. 472
(E. A. 1947); certiorari denied, 332 U.S. 756, 92 L.Ed.
___ (1947); rehearing denied, 332 U.S. 819, 92 L.Ed. ___ (1947), where the court stated that a warrant issued by a Michigan Circuit Court judge in accordance with the practice of that state, for what has been termed a "one man grand jury," was, in effect, an indictment within the meaning of the act.
The Uniform Criminal Extradition Law, in force in New Jersey, expressly refers not only to indictments and affidavits before magistrates, but also to "information supported by affidavit" in the state having jurisdiction of the crime. The Uniform Law has been adopted in most states (see 9 U.L.A., p. 173), and has frequently been cited by courts in our state as well as elsewhere without question as to its force and validity. We consider its pertinent provisions to be in proper furtherance of, and in nowise inconsistent with, the federal constitutional provision and the Congressional enactment thereunder. See Ex parte Davis,68 Cal.App.2d 798, 158 Pac.2d 36 (D. Ct. of App. 1945). The documents supporting the requisition meet fully the requirements of the Uniform Law. Thus, (a) the demand was in writing and alleged that the accused was in New York at the time of the commission of the alleged crime and thereafter fled from New York to New Jersey; (b) it was accompanied by information charging the petitioner with having committed a crime under the law of New York, supported by affidavit together with a copy of the warrant which was issued thereon; and (c) the information and affidavit were authenticated by the demanding Governor. The petitioner points out that part of the supporting affidavit was based on information and belief but the source of the belief was expressly stated to be the sworn testimony of persons presented to the grand jury. Indeed, the several formal steps resulting in the filing of the information were all duly verified and authenticated and may be *Page 100 
considered as furnishing to the accused greater protection against "unfounded accusations" [see In re Fritz,137 N.J. Eq. 185, 188 (Ch. 1945)], than an affidavit before a magistrate. We have concluded that the petitioner's objection to the sufficiency of the formal documents supporting the extradition is without merit.
 2.
The petitioner next contends that the acts which he is alleged to have committed in New York do not constitute a crime under the laws of that state. Section 580 of the Penal Law of New York provides that if two or more persons conspire to commit a crime or to commit any act injurious to the public health, to public morals, or to trade or commerce, or for the perversion or obstruction of justice or of the due administration of the law, each is guilty of a misdemeanor. The petitioner contends, without any supporting New York decision, that this section cannot be construed to make criminal a conspiracy to do acts in New York, otherwise lawful, but which are in aid of a violation of the New Jersey laws against gambling and book-making. On the other hand, the New York officials have so construed it and, in support, respondent cites a trial court's opinion in People v.Summerfield, 48 Misc. 242, 96 N.Y.S. 502 (Sup. Ct. 1905).
It must be borne in mind that we do not have before us the issue of whether the petitioner's acts in New York constituted a crime under the laws of New Jersey; the sole issue for consideration is whether the petitioner has been substantially charged, because of his acts therein, with a crime under the laws of New York. We do not doubt that New York has power to declare that the alleged conspiracy within its borders, followed by the overt acts therein, constituted a misdemeanor. Nor do we consider it appropriate for us, under the circumstances presented in this extradition proceeding, to express any ultimate judgment as to whether section 580 has effected that result; that determination should rest with the courts of New York. It is sufficient to point out that the information filed pursuant to direction of the *Page 101 
grand jury and with the approval of a judge of the Court of General Sessions and the certification by the Governor of New York "make a prima facie case of a crime cognizable by its laws." See Katyuga v. Cosgrove, 67 N.J.L. 213, 215 (Sup.Ct. 1901). Furthermore, it is evident that, within the bounds of reasonable understanding, the acts of the petitioner alleged to be a crime may be such in the State of New York; the authorities require no greater showing. See Drew v. Thaw, 235 U.S. 432,440, 59 L.Ed. 302, 308 (1914); People, ex rel. Gellis v.Sheriff of Westchester County, 251 N.Y. 33, 166 N.E. 795
(1929); reargument denied, 251 N.Y. 556, 168 N.E. 426 (1929). See also People, ex rel. Hayes v. McLaughlin, 247 N.Y. 238,160 N.E. 357 (1928), where Chief Judge Cardozo, in sustaining an extradition requisition by the Governor of North Carolina for a person who had been indicted for conspiracy in a general indictment which alleged, without any supporting facts, that he had conspired to defraud a corporation in violation of law, said:
"The question decisive of this appeal is not whether the indictment of the relator is sufficient as a criminal pleading. The question is whether `the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled.' Pierce v. Creecy, 210 U.S. 387, 28 S.Ct. 714,52 L.Ed. 1113. A grand jury in North Carolina has said that what has been charged against him is there a crime. The Governor has said the same. Unless a reasonable basis for what they say is lacking altogether, unless the indictment is so frivolous or contradictory as to be a presentment of innocence rather than of crime, we do not go beyond the documents when flight is once established. Doubt, if there is any, must be resolved in the demanding state. Hogan v. O'Neill, 255 U.S. 52, 55,41 S.Ct. 222, 65 L.Ed. 497; Drew v. Thaw, 235 U.S. 432, 439,35 S.Ct. 137, 59 L.Ed. 302; Munsey v. Clough,196 U.S. 364, 373, 25 S.Ct. 282, 49 L.Ed. 515."
We are satisfied that the petitioner has been substantially charged with having committed a crime under the law of the State of New York within the contemplation of the Extradition Law and that the petitioner's contention to the contrary must fail.
The judgment below is affirmed. *Page 102