279 P.2d 882

**Applications of Eugene A. WILLIAMS and Fred Stewart,**

**For Writs of Habeas Corpus.**

**No. 8188.**

Supreme Court of Idaho.

Feb. 2, 1955.

Keeton, J., dissented.

Vernon K. Smith, Boise, for appellants.

Robert E. Smylie, Atty. Gen., Edward J. Aschenbrener, and J. Ray Durtschi, Asst. Atty. Gen., James A. McClure, Pros. Atty., Payette, for respondent.

PORTER, Justice.

The Governor of the State of Oregon made demands upon the Governor of the State of Idaho for the extradition of each of the above named applicants. Such demands showed that applicants were charged in the State of Oregon, by affidavits filed by a private person before a committing magistrate, with the crime of burglary, and that applicants were fugitives from justice.

The Governor of Idaho issued his warrants of arrest and applicants were taken into custody thereunder by the Sheriff of Payette County.

After their arrest, each of the applicants made application to the District Court in Payette County for a Writ of Habeas Corpus. By stipulation of the parties the two cases were consolidated for hearing. After a hearing thereon, the trial judge entered judgments quashing the Writs of Habeas Corpus and remanding the applicants to the custody of the sheriff. Applicants have appealed to this court. By stipulation and order the two cases were consolidated for appeal and for hearing in this court.

The brief of appellants does not contain assignments of error as provided by Rule 41 of the Supreme Court. However, these being proceedings in Habeas Corpus involving the liberty of appellants and the single claim of error fairly appearing and having been briefed and argued by both sides, we will consider the same. Bell v. Corless, 57 Utah 604, 196 P. 568.

The requisitions of the Governor of Oregon do not contain copies of warrants of arrest of the appellants and do not show whether or not warrants of arrest were ever issued by the magistrate before whom the affidavits were made and filed. Appellants contend that under the provisions of Section 19-4503, I.C., the failure of the extradition papers to contain copies of

warrants of arrest renders them fatally defective. Such section reads as follows:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, *together with a copy of any warrant which was issued thereon.* The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth." (Emphasis supplied.)

■ In support of their theory, appellants urge that before a warrant of arrest is issued, a magistrate is required to make some investigation and to exercise some *judicial discretion*; and that absent the issuance of a warrant, the affidavit of a private person made before a magistrate is not sufficient to charge that the alleged fugitive from justice is wanted for prosecution. Contrary to the contention of appellants, it is the affidavit and not the issuance of a warrant which constitutes the charge against the fugitive. In State ex rel. Covington v. Hughes, 157 La. 652, 102 So. 824, on page 827, it is said:

"It is the indictment or affidavit, and not the issuing of a warrant which constitutes the charge against the fugitive. Tullis v. Fleming, 69 Ind. 15.

"Section 5278 of the federal Revised Statutes requires, for this reason, that a copy of the affidavit, and not of the warrant, be certified as authentic by the Governor of the demanding state."

Generally, the issuance of a warrant is not regarded as necessary or material. People ex rel. Gates v. Mulcahy, 392 Ill. 498, 65 N.E.2d 21; State v. Parrish, 30 Ala.App. 242, 5 So.2d 828.

■ It is well understood that the right of interstate extradition is a federal and not a state matter; that the federal law and not the state law is supreme; and that any state legislation which conflicts with the federal constitution and effectuating statutes is unconstitutional and void. People ex rel. Millet v. Babb, 1 Ill.2d 191, 115 N.E. 2d 241; Ex parte Riccardi, 68 Ariz. 180, 203 P.2d 627; State v. Parrish, supra; People ex rel. Carr v. Murray, 357 Ill. 326, 192 N.E. 198, 94 A.L.R. 1487; Section 19-4502, I.C.

In 35 C.J.S., Extradition, § 3, pages 319-320, it is stated:

"* * * the right of interstate extradition or rendition is founded on and

controlled by the constitution of the United States and effectuating federal statutes, which have been declared constitutional. Extradition being a federal and not a state matter, the federal law, and not the state law, is supreme, and any state legislation which conflicts with the federal law on the subject, as embodied in the constitution and effectuating statutes, is unconstitutional and void. However, to the extent that it aids and facilitates the operation of federal constitutional and statutory provisions, and is not inconsistent therewith, state legislation is proper, and must be followed."

Clause 2, Section 2, Art. IV, of the Federal Constitution, provides:

"A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

Under such constitutional provision, Congress has enacted Title 18, U.S.C.A. § 3182 [formerly 662], R.S. § 5278, reading in part as follows:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or *an affidavit made before a magistrate* of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, \* \* \*." (Emphasis supplied.)

Neither the Federal Constitution nor Title 18 U.S.C.A. § 3182, requires the issuance of a warrant of arrest or the production of a copy of any such warrant by the demanding executive authority. Arizona has a statute identical with our Section 19-4503, I.C. In the case of Ex parte Riccardi, supra, the Arizona Court discusses at length the matter of extradition and the effect of the clause "together with a copy of any warrant which was issued thereon" in such statute. The Arizona Court holds such clause to be void in the following language, 203 P.2d 632-633:

"In order to clarify the necessity for presentation of a warrant as mentioned in the Arizona code, we will treat of this matter further in order that interested officials and trial courts may have an interpretation for guidance. It is evident that the warrant feature of section 44-3606 is only intended to apply

to a warrant issued on affidavit made before a magistrate.

"Under the provisions of the federal law, i. e., section 5278, supra, and the decisions of the United States Supreme Court, a warrant on the indictment or on any other form of criminal charge is not necessary in an extradition proceeding. It is our opinion that the part of section 44–3606 requiring a warrant on the affidavit requires something not contemplated by the federal law, and is in conflict with section 5278, supra. Therefore that portion of section 44–3606 insofar as it provides 'together with a copy of any warrant which was issued thereon' is in violation of U.S. Revised Statutes, section 5278, 18 U.S.C.A. § 662 [now 3182] and is therefore void."

■ The State of Arizona has adopted the Uniform Criminal Extradition Act of which the statute in question is a part. The State of Idaho has likewise adopted the Uniform Criminal Extradition Act. Section 19–4527, I.C. It is provided in such act by Section 19–4526, I.C., as follows:

"This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it."

Appellants have not cited any authorities in point in support of their contentions. The Arizona case of Ex parte Riccardi, supra, is the only case which has been called to our attention which passes directly on the validity of the requirement in a state statute that a copy of any warrant must accompany the requisition papers. In view of the provisions of Section 19–4526, I.C., providing that the act shall be so interpreted and construed as to make uniform the law in the states which enact it, we are constrained to hold that the phrase "together with a copy of any warrant which was issued thereon" appearing in Section 19–4503, I.C., violates the federal statute and is void.

■ The requisitions of the Governor of the State of Oregon were sufficient and the warrants of arrest issued by the Governor of the State of Idaho were properly issued. The judgments of the trial court quashing the Writs of Habeas Corpus and remanding the appellants to the custody of the Sheriff of Payette County are affirmed.

TAYLOR, C. J., SMITH, J., and BECKWITH, D. J., concur.

KEETON, J., dissents.