**Robert Joseph SALAZAR, Petitioner-Appellant,**

**v.**

**Lee EADS, as Sheriff of Marion County, et al., Respondents-Appellees.**

**No. 71–1547.**

United States Court of Appeals, Seventh Circuit.

Argued June 7, 1972.

Decided Aug. 11, 1972.

Rehearing Denied Sept. 21, 1972.

6. 1955 Amendments to the Universal Military Training and Service Act, 84th Cong. P.L.–118 § 101(a), June 30, 1955. 69 Stat. 223.

William C. Erbecker, Indianapolis, Ind., for petitioner-appellant.

Theodore L. Sendak, Atty. Gen., Mark Peden and John T. Carmody, Deputy Attys. Gen., Indianapolis, Ind., for respondents-appellees.

Before DUFFY, Senior Circuit Judge, DURFEE, Senior Judge, United States Court of Claims,* and ESCHBACH, District Judge.**

PER CURIAM.

Petitioner-appellant filed this action seeking to have the Indiana Uniform Criminal Extradition Act, IC 1971, 35–4–3–1; Ind.Ann.Stat. § 9–419 et seq. (Burns 1956 Repl.), declared unconstitutional, the named respondents enjoined from applying the same to petitioner, and requesting that a three-judge court be convened. The district court denied petitioner's request for the convening of a three-judge court and subsequently, upon the filing by respondents of motions to dismiss, dismissed petitioner's action for lack of federal jurisdiction. Petitioner has appealed from the district court's order denying the convening of a three-judge court and from the order of the court dismissing petitioner's action for lack of federal jurisdiction. We affirm.

On February 25, 1971, petitioner filed the instant petition seeking to have the Indiana Uniform Criminal Extradition Act (hereinafter IUCEA), *supra*, declared unconstitutional on the ground that certain provisions of the IUCEA, namely, Sections 2, 3, 5, 6, 7, and 20, conflict with both the Federal Extradition Act of June 25, 1948 (18 U.S.C. § 3182) and Article 4, Section 2, Clause 2 of the United States Constitution and are therefore invalid on their face by virtue of the Supremacy Clause, Article 6, Clause 2 of the United States Constitution. Nowhere in his original complaint in the district court or in the briefs which have been filed in this court has petitioner specifically stated why or in what manner the provisions of the IUCEA here in question conflict with 18 U.S.C. § 3182 or Article 4, Section 2, Clause 2 of the United States Constitution. Rather, petitioner has merely alleged that the IUCEA "offends" the Federal Constitution. Petitioner's original petition also alleged that the previously specified provisions of the IUCEA were unconstitutional as applied to petitioner in that the offense for which he was being extradicted, i. e., parole violation, is not a crime either in Indiana or in the state extraditing him —Mississippi. He further alleges that even if there exists such a crime, he is not guilty of such crime in that the sentence he was serving from which he was paroled was illegally imposed and that even if this sentence was legally imposed, he does not owe the State of Mississippi any time on that sentence.

On March 12, 1971, the district court determined the specific sections of the IUCEA which petitioner alleged "offended" the United States Constitution were obviously in conformance with both the extradition and due process clauses of the Constitution and with the Federal Extradition Act and that petitioner's action did not present a "substantial" federal question. Accordingly, the district court refused the request for a three-judge court.

This court has concluded, as did the district court, that the specific sections of the IUCEA now under attack

---

* Senior Judge James R. Durfee of the United States Court of Claims is sitting by designation.

** District Judge Jesse E. Eschbach of the Northern District of Indiana is sitting by designation.

are, on their face, clearly not in conflict with either the Federal Extradition Act or Article 4, Section 2, Clause 2 of the United States Constitution and that the vaguely phrased constitutional question presented by petitioner's complaint is insubstantial and "obviously without merit." Therefore, the district court's order refusing a three-judge court was correct. Ex Parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1933), motion for leave to file for reh. den., 366 U.S. 922, 81 S.Ct. 1090, 6 L.Ed.2d 245 (1961); Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105, 53 S.Ct. 549, 77 L.Ed. 1062 (1933). Moreover, we concur in the district court's conclusion that petitioner's contention that the IUCEA is unconstitutional as applied to petitioner does not present a substantial federal constitutional question. Petitioner's contention that he is being extradited for the offense of parole violation but that no such crime is proscribed by the laws of Indiana or Mississippi is totally without merit. It is well settled that a parolee is subject to extradition as a parole violator under the United States Constitution and the Uniform Criminal Extradition Act since a parolee by definition is charged with a crime and is subject to a judgment and sentence. The "charge" (herein armed robbery) does not merge with the verdict of guilty nor the judgment, but stands until the judgment is fully satisfied. Hughes v. Pflanz, 138 F. 980 (6th Cir. 1905); Reed v. Colpoys, 69 U.S.App.D. C. 163, 99 F.2d 396 (1938), cert. den., 305 U.S. 598, 59 S.Ct. 97, 83 L.Ed. 379 (1938); Fowler v. Ross, 90 U.S.App.D. C. 305, 196 F.2d 25 (1952). Furthermore, petitioner's two-pronged alternative contention that even if there is a crime such as parole violation that he is not guilty of the crime since (1) he has fully served the sentence for the crime from which he was paroled and (2) the sentence in question was illegally imposed does not serve to transform the insubstantial constitutional question presented by petitioner's complaint into a substantial one. Petitioner's two-pronged alternative contention seeks to collaterally raise questions which can and should be litigated in the courts of the state which imposed the original sentence in question.

Finally, petitioner contends that the district court erred in dismissing the instant action for lack of subject matter jurisdiction since petitioner's verified complaint, on its face, required at least that an evidentiary hearing be held. We disagree. Having already voiced our agreement with the district court's determination that petitioner's attack on the constitutionality of Sections 2, 3, 5, 6, 7, and 20 of the IUCEA presented a wholly insubstantial federal question, we concur in the district court's determination that petitioner's complaint failed to satisfy the jurisdictional requirements of either 28 U.S.C. §§ 1331 or 1343(3).

Accordingly, the judgment of the district court is affirmed.