651 P.2d 543

In the Matter of the Application of Gerald P. HANSON, Petitioner, for a Writ of Habeas Corpus to Inquire into the Legality and Cause of Detention of Gerald P. Hanson.

Gerald P. HANSON, Petitioner-Appellant,

v.

Rocky WATSON, Sheriff of Kootenai County, Respondent.

No. 13863.

Court of Appeals of Idaho.

Aug. 18, 1982.

Rehearing Denied Oct. 4, 1982.

Petition for Review Denied Dec. 30, 1982.

Michael J. Vrable, Coeur d'Alene, for petitioner-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Michael B. Kennedy, Chief Deputy Atty. Gen., Boise, for respondent.

SWANSTROM, Judge.

Gerald P. Hanson was arrested in Kootenai County, Idaho, as a fugitive from the State of Washington, where he is wanted on criminal charges. Hanson refused to waive extradition and obtained a writ of habeas corpus in Kootenai County, Idaho, to challenge the extradition. After a hearing the district court quashed the writ and ordered that Hanson be surrendered to Washington authorities. Hanson appealed, contending that his Fifth Amendment rights were violated and that the extradition documents were not in order because they did not show he was charged in Washington by

either an "indictment" or an "affidavit made before a magistrate." We affirm the order of the district court.

Idaho and Washington, like nearly all other states of the union, have substantially adopted the provisions of the Uniform Criminal Extradition Act. Idaho Code § 19–4503 and Wash.Rev.Code Annot. § 10.88.220 are similar parts of the Act. Both permit extradition where the demanding state shows by "a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there," that the person sought has been charged with a crime.

At the hearing in district court authenticated copies of the requisition documents from Washington were received in evidence. They show that a prosecutor for King County, Washington, filed an information charging Hanson with one felony and thirty-nine misdemeanors. The prosecutor later amended the information to add fifteen more misdemeanors. When the original and amended informations were filed, they were supported by affidavits sworn to before a notary public, but not a magistrate. The charges all arose from Hanson's alleged practice of filing "lis pendens liens" or "common-law liens" against the property of litigants, lawyers, judges, and other persons involved in legal controversies concerning Hanson.

A superior court judge of King County determined, based on the affidavits, that there was probable cause to believe Hanson was guilty of the charges alleged. The judge issued a warrant for Hanson's arrest.

Following Hanson's arrest in Idaho the Washington governor sent a requisition request to the governor of Idaho. The governor of Idaho issued a rendition warrant ordering the sheriff of Kootenai County to deliver Hanson to an authorized agent of the State of Washington. The habeas corpus proceedings in district court followed.

Hanson contends in this appeal that, because the criminal charges were not based on an indictment from a grand jury, his extradition would violate his rights under the Fifth Amendment of the United States Constitution. Hanson's argument is that the Fifth Amendment requires an indictment from a grand jury, before a person can be tried in federal courts. He admits that such a requirement is not binding upon the states. *See Beck v. Washington*, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962). But he argues that, because a state's right to extradite is based on federal law, a state seeking to extradite him ought not to be able to have him held for trial without complying with all federal law, including the Fifth Amendment requirement of an indictment. We disagree.

■ Article 4, Section 2, of the United States Constitution provides that:

[a] person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime.

This provision is not self-executing. *Roberts v. Reilly*, 116 U.S. 80, 6 S.Ct. 291, 29 L.Ed. 544 (1885). Congress enacted what is now 18 U.S.C. § 3182 as an aid to the execution of Article 4, Section 2. *See Pierce v. Creecy*, 210 U.S. 387, 28 S.Ct. 714, 52 L.Ed. 1113 (1908). This statute provides that the executive authority of an asylum state shall surrender a person demanded by the executive authority of another state upon the production of "a copy of an indictment found or an affidavit made before a magistrate" charging the person demanded with having committed a crime in that state. The Court in *Pierce, supra,* stated that "the Constitution does not require, as an indispensable prerequisite to interstate extradition, that there should be a good indictment, or even an indictment of any kind." *Id.* at 403, 28 S.Ct. at 719. Therefore we hold the Fifth Amendment does not require an indictment of Hanson by a grand jury in Washington before he can be extradited to that state.

Hanson next contends that the provisions of 18 U.S.C. 3182 conflict with those in I.C.

§ 19–4503 because the federal statute makes no mention of "an information supported by an affidavit." Hanson argues that because the federal extradition law is supreme it precludes application of the state law. Again we must disagree.

Hanson cites *Application of Williams,* 76 Idaho 173, 279 P.2d 882 (1955) for the proposition that the "indictment" requirement of 18 U.S.C. § 3182 is controlling over the provisions of the Uniform Criminal Extradition Act which permit the charge to be made by "an information supported by an affidavit." In *Williams* the Idaho Supreme Court upheld extradition to Oregon, over Williams' argument that I.C. § 19–4503 required a copy of the warrant from the demanding state to accompany the copy of the indictment. There is no requirement in the federal constitution or in 18 U.S.C. § 3182 that a warrant of arrest be issued or that a copy of a warrant be produced by the demanding state. The court in *Williams,* quoting from 35 C.J.S. Extradition § 3, pp. 319–20, said:

> * * * the right of interstate extradition or rendition is founded on and controlled by the constitution of the United States and effectuating federal statutes, which have been declared constitutional. Extradition being a federal and not a state matter, the federal law, and not the state law, is supreme, and any state legislation which conflicts with the federal law on the subject, as embodied in the constitution and effectuating statutes, is unconstitutional and void. However, to the extent that it aids and facilitates the operation of federal constitutional and statutory provisions, and is not inconsistent therewith, state legislation is proper, and must be followed.

76 Idaho at 176–77, 279 P.2d 883–84. The Court in *Williams* went on to say:

> [W]e are constrained to hold that the phrase "together with a copy of any warrant which was issued thereon" appearing in Section 19–4503, I.C., violates the federal statute and is void. [*Id.* at 178, 279 P.2d at 885.]

If we were to follow Hanson's view of the *Williams* ruling in this case, we would be required to hold that, because the federal act makes no mention of an "information," the state laws are in conflict with the federal act and are therefore void. We do not believe such a result was intended or is required by the decision in *Williams.* The Idaho court struck down a provision in I.C. § 19–4503 that imposed a requirement for extradition of a defendant that is not present in the Congressional act. Such a provision burdened the procedure for extradition and the Idaho court correctly ruled that it was void. However, it does not necessarily follow that a provision enabling a state to extradite on less exacting terms than those set forth in 18 U.S.C. § 3182 must also be held void under the *Williams* decision.

Many state courts have held that even under the federal act the provision in § 3182 for an "indictment" includes an "information" where an information is authorized by state law as a procedural device for charging a person with a crime. The courts have further held that a state statute authorizing extradition upon an "information" supported by an affidavit does not burden the scheme contemplated by the federal statute, and therefore does not conflict with it. For example, in *People ex rel. Matochik v. Baker,* 306 N.Y. 32, 114 N.E.2d 194, 196–97 (1953) the New York Court of Appeals said:

> We think the warrant of extradition was properly issued. While there is merit in the view taken . . . that an information is a sufficient compliance with the Federal statute, and while there is ample authority in support of that view [citations omitted], we predicate our determination herein on the theory . . . that a State may enact legislation to supplement the Federal statute by permitting extradition on less exacting terms than those imposed by the latter statute. This theory has already been acknowledged in other jurisdictions, in treatises, and by those who prepared the Uniform Criminal Extradition Act, *Gulley v. Apple,* 213 Ark. 350, 357, 210 S.W.2d 514; *Matter of Da-*

*vis,* 68 Cal.App.2d 798, 158 P.2d 36; *Stark v. Livermore,* 3 N.J.Super. 94, 98–99, 65 A.2d 625, 627; *Ex parte Bledsoe,* Okl.Cr. App. [93 Okl.Cr. 302] 227 P.2d 680; 22 Am.Jur., Extradition, p. 250, n. 1; 9 Uniform Laws Ann., p. 170.

At most, the Federal extradition statute prescribes those terms upon which a State shall extradite. It does not purport, expressly or impliedly, to prohibit a State from extraditing on less exacting terms. It seems to us that relator's contention that there must be a literal compliance with the Federal statute before a State may voluntarily extradite is patently unsound.

In a similar vein the California District Court of Appeal, Second District, *In re Morgan,* 244 Cal.App.2d 903, 53 Cal.Rptr. 642, 647 (1966), held as follows:

> While state laws cannot place limitations upon the extradition which is required by federal law, the state Legislature may permit the Governor to surrender a fugitive on terms less exacting than those imposed by the act of Congress.

*See also: In re Strauss,* 197 U.S. 324, 25 S.Ct. 535, 49 L.Ed. 774 (1905); *People v. Smith,* 352 Ill. 496, 186 N.E. 159 (1933); *State ex rel. Brown v. Telander,* 282 Minn. 209, 163 N.W.2d 858 (1968); *Stark v. Livermore,* 3 N.J.Super. 94, 65 A.2d 625 (N.J.Sup. Ct., App.Div.1949); *People Ex Rel. Hollander v. Britt,* 195 Misc. 722, 92 N.Y.S.2d 662 (1949); *Ex parte Peairs,* 162 Tex.Cr.R. 243, 283 S.W.2d 755 (1955); and *State Ex Rel. Sieloff v. Golz,* 80 Wis.2d 225, 258 N.W.2d 700 (1977).

Our analysis of the ruling by the Idaho Supreme Court in *Williams,* supra, and the rulings in the other cases cited above leads us to conclude that they do not support Hanson's position. We uphold the validity of I.C. § 19–4503, allowing extradition where it is shown that the laws of the demanding state authorize a criminal charge to be made by an information, and where a copy of the information supported by an affidavit accompanies the demand for extradition.

 In this case an "Affidavit for Probable Cause" and another affidavit and motion were submitted to a superior court judge and filed with the information on August 14, 1979. The record shows the judge reviewed the information and affidavits and found probable cause to issue a warrant of arrest for Hanson. On November 13, 1979, a motion and affidavit were also submitted to another judge, who authorized the filing of the amended information. Thus it is clear from the record that the amended information was supported by affidavits as required by I.C. § 19–4503. We also hold that the affidavit supporting the information need not be signed before a magistrate. The terms of the statute do not require it.

We affirm the district court's order quashing the writ of habeas corpus.

WALTERS, C. J., and BURNETT, J., concur.