James EVANS, Appellant,

v.

STATE of Alaska and Lloyd Hames, Comm'r of Corrections, Appellee.

No. A–4046.

Court of Appeals of Alaska.

Nov. 22, 1991.

Robert M. Herz, Asst. Public Defender, Palmer, and John B. Salemi, Public Defender, Anchorage, for appellant.

Eugene B. Cyrus, Asst. Dist. Atty., Kenneth J. Goldman, Dist. Atty., Palmer, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

The State of Montana filed a request under the Uniform Criminal Extradition Act, AS 12.70, to have James Evans returned to Montana to face a felony charge of issuing bad checks. Acting upon Montana's request, the governor of Alaska issued a warrant for Evans's arrest and extradition to Montana pursuant to AS 12.70.-060–.070. Exercising his rights under AS 12.70.090, Evans filed a habeas corpus action in superior court to contest his extradition. Superior Court Judge Beverly Cutler denied Evans's petition for writ of habeas corpus and directed that Evans be turned over to the Montana authorities. Evans appeals. We affirm.

Alaska Statute 12.70.020(a) sets forth the required contents of another state's request or "demand" for extradition when the person sought has been accused but not yet convicted of a crime in the demanding state:

> *Form of Demand* (a) No demand for the extradition of a person accused but not yet convicted of a crime in another state shall be recognized by the governor of this state unless made in writing and containing the following:
>
> (1) an allegation that the accused was present in the demanding state at the time of the commission of the alleged crime and that thereafter the accused fled the demanding state ... [and]
>
> (2) a copy of an indictment found or an information supported by affidavit

in the state having jurisdiction of the crime or by a copy of a complaint, affidavit, or other equivalent accusation made before a magistrate there....

Evans asserts on appeal that Montana's extradition documents fail to comply with either subsection (1) or subsection (2).

■ Evans first argues that the extradition documents are inadequate because they do not show that any Montana judicial officer ever determined that there was probable cause to believe that Evans was present in Montana at the time of the offense. We reject Evans's argument for two reasons.

First, the language of subsection (1) does not require a finding of probable cause on this issue; rather, it requires only an "allegation" that the accused is a fugitive from justice. Courts have uniformly held that, once the governor of the asylum state (in this case, Alaska) issues an extradition warrant, a presumption is created that the accused was present in the demanding state when the alleged crime was committed. The accused can contest extradition by claiming that he was not present in the demanding state at the time of the crime, but a bare assertion of this claim is not enough to defeat extradition. The accused has the burden of establishing this fact; some states require the accused to prove this by clear and convincing evidence, while others require proof beyond a reasonable doubt. *State v. Babb,* 393 N.W.2d 705, 707 (Minn.App.1986); *Emig v. Hayward,* 703 P.2d 1043, 1051 (Utah 1985); *Miller v. Debekker,* 668 P.2d 927 (Colo.1983); *Petition of Blackburn,* 215 Mont. 440, 701 P.2d 715, 717 (1985); *Bazaldua v. Hanrahan,* 92 N.M. 596, 592 P.2d 512, 514 (1979); and *Powell v. State,* 19 Ariz.App. 377, 507 P.2d 989, 991 (1973).

Evans presented no evidence to support his assertion that he was not present in Montana when the crime charged against him was committed. The superior court therefore correctly rejected Evans's claim.

■ Moreover, even if the law did not create a presumption that Evans was present in Montana when the alleged crime was committed, the extradition documents

in this case clearly reveal good reason to believe that Evans was there. The extradition packet includes a document titled "Refusal and Waiver of Preliminary Examination" that memorializes court proceedings held in Montana in which Evans, after being advised of the charge against him and of his right to a preliminary examination (a judicial determination of probable cause), waived his right to a preliminary examination and consented to be bound over to face felony proceedings in the Montana District Court (Montana's equivalent of our superior court). This document is signed by Evans, countersigned by the Missoula County Attorney, and endorsed by a Montana judicial officer. Thus, even if an affirmative finding were necessary, the record in this case clearly supports a finding that Evans was in Montana at or near the time the crime alleged against him was committed.

Evans's second argument is that Montana's extradition request is flawed because the information filed against him is not supported by an affidavit sworn to before a magistrate. Evans notes that the "Affidavit Supporting Extradition Requisition" executed by the Deputy County Attorney of Missoula County was sworn to before a notary public, not a judicial officer. But Evans has misread subsection (2) of AS 12.70.020(a).

Subsection (2) of AS 12.70.020(a), derived from Section 3 of the Uniform Extradition Act (1936)[1], provides three alternative methods by which the demanding state can support its extradition request: (a) by a copy of "an indictment found ... in the state having jurisdiction of the crime", (b) by a copy of "an information supported by affidavit in the state having jurisdiction of the crime", or (c) by a copy of "a complaint, affidavit, or other equivalent accusation made before a magistrate [in the state having jurisdiction of the crime]".

■ Courts have interpreted the Act in the disjunctive: the three types of supporting documentation are independent of each other, each sufficient to support extradition. *Shapiro v. State*, 456 So.2d 968, 970 (Fla.App.1984); *Greenbaum v. Darr*, 220 Kan. 525, 552 P.2d 993, 995 (1976); *In re Chenowith*, 432 P.2d 132, 135 (Okla.Crim. App.1967). The requirement that an affidavit be executed before a magistrate applies only to the third type of supporting documentation. This requirement does not apply to the affidavit supporting an information filed by a public prosecutor. *Application of Hanson*, 103 Idaho 609, 651 P.2d 543, 546 (App.1982); *Ex Parte Quinn*, 549 S.W.2d 198, 201 (Tex.Crim.App.1977).[2]

Evans's claim falters on a second ground as well. In most states, an "information" is a charging document filed by a public prosecutor unsupported by either testimony or affidavits. For this reason, subsection (2) forbids extradition upon an information unless the information is supported by an affidavit.

But in Montana a prosecutor is not permitted to file a felony information until a judicial officer has found that there is probable cause to believe the defendant commit-

---

**1.** Section 3 of the Uniform Criminal Extradition Act of 1936 provides, in pertinent part:

No demand for the extradition of a person charged with [a] crime in another state shall be recognized ... unless ... accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the alleged crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon.

**2.** In *Montague v. Smedley*, 557 P.2d 774, 779 (Alaska 1976), the Alaska Supreme Court made the broad statement that AS 12.70.020(a)(2) requires "that the affidavit in support of an extradition arrest must be made before a magistrate.... An affidavit made before a notary

public is thus insufficient to authorize the issuance of a requisition." However, the extradition request in *Montague* was supported by the third type of documentation—a complaint as opposed to an indictment or information.

The Supreme Court correctly stated the law on the facts of the case before it. But the court's language should not be read to cover extradition requests based on indictments or informations. To do so would be contrary to the wording of the statute and would, moreover, interpret Alaska's version of the Uniform Extradition Act differently from the way other jurisdictions have interpreted the Uniform Act. *See* AS 12.70.270: "The provisions of this chapter shall be so interpreted and construed as to effectuate the general purposes to make uniform the law of those states which enact it."

ted the crime or crimes charged in the information. Montana law recognizes three circumstances in which an information may be filed against a defendant: (1) following a judicial determination of probable cause at a preliminary examination, (2) following a defendant's waiver of the right to a preliminary examination, or (3) following a district judge's finding of probable cause from affidavit(s) submitted in support of a direct application to the District Court by the county attorney for leave to file an information. Montana Statutes 46–11–101 and 46–11–201.

In the present case, Evans signed a "refusal and waiver" of his right under Montana law to a preliminary examination. Evans's waiver of the right to preliminary examination authorized the Missoula County Justice Court to bind Evans over for felony proceedings in the District Court without an explicit finding of probable cause to believe Evans had committed the crime charged. And, under Montana Statute 46–11–101(2), Evans's waiver of preliminary examination also authorized the County Attorney to proceed against Evans by information without first obtaining a finding of probable cause either from the Justice Court (at a preliminary examination) or from the District Court (in an application for leave to file an information).

■ When the law of the demanding state requires a prosecutor to demonstrate probable cause before he or she can file an information, a judicial finding of probable cause can be inferred from the fact that the information has been filed. Because of this, courts adjudicating extradition requests from these states treat an information as the equivalent of an indictment or a sworn complaint. *Christopher v. Cronin*, 193 Colo. 218, 564 P.2d 424 (1977), and *In re Moore*, 2 Mass.App. 399, 313 N.E.2d 893, 895–96 (1974). *See also Sollinger v. McNeel*, 656 P.2d 701 (Colo.1983), holding that an information should be treated as the equivalent of an indictment when, after the information was filed, a judicial officer at a preliminary examination found probable cause to believe the defendant had committed the crime charged.

Evans asserts that this rule does not apply to him because, in his case, the record affirmatively shows that no Montana judge ever made a finding of probable cause. But this is so only because Evans waived his right to require the government to establish probable cause at a preliminary examination. By waiving preliminary examination, Evans elected not to contest the existence of probable cause to bind him over for felony proceedings in the Montana District Court. Evans's waiver ended the proceedings against him in the Justice Court and it served as Evans's consent to have the government proceed against him in the District Court by information.

Modern law has increasingly adopted the view that consent decrees and settlement agreements, even though they have not been reduced to a "final judgment" for purposes of appeal, nevertheless preclude relitigation of the legal claims and factual issues addressed in them when it is clear that the parties intended to put to rest the particular claim or issue involved. *See California State Automobile Assn. Inter-Insurance Bureau v. Superior Court*, 50 Cal.3d 658, 268 Cal.Rptr. 284, 287 n. 2, 788 P.2d 1156, 1159 n. 2 (1990); *Lancaster v. Carelli*, 280 Or. 493, 571 P.2d 899, 902 (1977); *Gordon H. Ball, Inc. v. Oregon Erecting Co.*, 273 Or. 179, 539 P.2d 1059, 1063 (1975). *Compare Matter of Herbert M. Dowsett Trust*, 7 Haw.App. 640, 791 P.2d 398, 401 (1990), holding that consent judgements only bind the parties with respect to legal claims covered by the judgement but not with respect to issues of fact underlying those claims.

In accordance with this modern view, the Restatement of Judgments 2nd (1982), § 13, declares that "for purposes of issue preclusion (as distinguished from merger and bar), 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." The Restatement gives the example of a case where issues of liability and damages are addressed separately in bifurcated proceedings: the issue of liability, once determined in the first half of the trial, cannot be

relitigated in the damages portion of the trial even though the verdict on the issue of liability is not yet a "final judgment" for purposes of appeal.

██ In the present case, we conclude that Evans's waiver of preliminary examination in Montana must be given conclusive effect on the limited issue of whether, for purposes of proceedings under the Uniform Criminal Extradition Act, there is probable cause to believe that the charge pending against him in Montana is well-founded. We would hesitate to find that a defendant's waiver of preliminary examination precluded the defendant from later seeking suppression of evidence based on lack of probable cause for an arrest or a search. These, however, are matters for the courts of Montana. The issue facing the Alaska courts is whether, in the context of extradition proceedings, it is fair to hold Evans to his earlier decision not to contest the existence of probable cause to support criminal proceedings against him in the courts of the demanding state. We hold that it is fair to preclude Evans from relitigating this issue.

For these reasons, the superior court correctly denied Evans's petition for writ of habeas corpus. The decision of the superior court is AFFIRMED.