**Kevin T. SWARNER, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–9281.

Court of Appeals of Alaska.

Aug. 5, 2005.

Arthur S. Robinson, Robinson & Associates, Soldotna, for the Appellant.

Jean E. Seaton, Assistant District Attorney, June Stein, District Attorney, Kenai, and David A. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

The Governor of Montana asked the Governor of Alaska to issue a warrant for the arrest and extradition of Kevin T. Swarner to face felony charges in Montana. After the Governor of Alaska issued the warrant, Swarner filed a petition for a writ of habeas corpus in the superior court to contest his extradition. Superior Court Judge Charles K. Cranston denied Swarner's petition and ordered that Swarner be held for the Montana authorities. Swarner appeals. Because we agree that Montana's request is in proper form, we affirm the superior court.

### Background facts and proceedings

On February 22, 2005, police arrested Swarner near Kenai under AS 12.70.120 for being a fugitive from justice. An arrest warrant for Swarner had been issued by the Gallatin County District Court in Montana on a three-count information charging two counts of criminal distribution of dangerous drugs and one count of criminal possession with intent to distribute.[1] The information was based on an affidavit of probable cause from a Gallatin County deputy county attorney that was sworn to before a notary public.

The Governor of Montana delivered a timely demand to Alaska's Governor for Swarner's extradition. On April 7, 2005, Governor Frank H. Murkowski issued a governor's warrant for Swarner's arrest and delivery to the Montana authorities. Swarner then filed the petition for a writ of habeas corpus in superior court that Judge Cranston denied.

### Discussion

In this appeal, Swarner renews two claims that he advanced in the superior court. First, Swarner claims that an affidavit sworn to before a notary public is not sufficient to support his extradition. Swarner contends that AS 12.70.020 requires that an affidavit supporting probable cause must be sworn to before a judicial officer.

Alaska Statute 12.70.020(a)(2) specifies three possible methods for a demanding state to support an extradition request: (1) with an indictment; (2) with an "information supported by affidavit"; or (3) with "a complaint, affidavit, or other equivalent accusation made before a magistrate[.]" As we noted above, Swarner claims that the Montana documents are flawed because the deputy county attorney's affidavit is not sworn to before a magis-

---

1. Montana Statutes 45–9–101 & 45–9–103, respectively.

trate. But Swarner misreads the requirements of the statute.

We addressed this same claim in *Evans v. State.*[2] Evans also attacked an extradition request from Montana by claiming that an affidavit supporting an information had to be sworn to before a magistrate. Evans contended that an affidavit sworn to before a notary public did not meet the requirements of AS 12.70.020(a)(2).[3]

We rejected Evans's claim. We ruled that the three possible methods for supporting an extradition request were specified disjunctively in AS 12.70.020(a)(2).[4] Thus, we .concluded that the requirement of the third alternative—that an "affidavit" be "made before a magistrate"—did not apply to an affidavit that supported an information.[5] *Evans* answers Swarner's claim. Under AS 12.70.020(a)(2), an affidavit that supports an information need not be executed before a magistrate.

■ Next, Swarner contends that *Evans* overlooked 18 U.S.C. § 3182. That statute provides that the executive authority of any state can demand the extradition of a fugitive found in another state when the demanding state "produces a copy of an indictment found or an affidavit made before a magistrate[.]"[6] Swarner contends that this statute requires that any affidavit supporting an extradition request be executed before a magistrate. Arguing that this federal statute preempts Alaska law, Swarner contends that *Evans* is wrongly decided, and that the

affidavit from the Gallatin County prosecutor in this case does not meet the requirements of 18 U.S.C. § 3182.

But Swarner's argument does not find support in case law. For example, in *Application of Hanson,*[7] the court rejected a claim that an extradition request based on an information supported by an affidavit executed before a notary public was insufficient under federal law.[8] The court reasoned that the provision of 18 U.S.C. § 3182 that provided for extradition when a demanding state "produces a copy of an indictment found or an affidavit made before a magistrate" specified those circumstances when an asylum state must extradite, but did not bar a state from establishing less exacting terms for the extradition of fugitives than specified in federal law.[9] The court specifically held that an affidavit supporting an information did not have to be executed before a magistrate.[10] And in *Salazar v. Eads,*[11] the Seventh Circuit Court of Appeals ruled that, on its face, the Indiana Uniform Criminal Extradition Act did not conflict with 18 U.S.C. § 3182 or the federal constitution.[12]

The Alaska Supreme Court follows this same view. In *Moser v. Zaborac,*[13] the Alaska Supreme Court recognized that federal law has not totally preempted the area of extradition to the exclusion of the states. The court recognized that state regulation of extradition is permitted and noted that this view was universally accepted.[14] And in *Montague v. Smedley,*[15] the court recognized

---

2. 820 P.2d 1098 (Alaska App.1991).

3. *Evans,* 820 P.2d at 1100.

4. *Id.*

5. *Id.*

6. 18 U.S.C. § 3182 (2000).

7. 103 Idaho 609, 651 P.2d 543 (App.1982).

8. *Hanson,* 651 P.2d at 545.

9. *Id. See also Innes v. Tobin,* 240 U.S. 127, 133–35, 36 S.Ct. 290, 292, 60 L.Ed. 562 (1916); *Glover v. State,* 257 Ark. 241, 515 S.W.2d 641, 643 (1974); *Application of Morgan,* 244 Cal. App.2d 903, 53 Cal.Rptr. 642, 647 (1966); *People ex rel. Dimas v. Shimp,* 83 Ill.App.3d 150, 38

Ill.Dec. 519, 403 N.E.2d 750, 752 (1980); *In re Austin,* 186 Neb. 815, 186 N.W.2d 723, 726 (1971); *State ex rel. Sieloff v. Golz,* 80 Wis.2d 225, 258 N.W.2d 700, 703–04 (1977).

10. *Hanson,* 651 P.2d at 546. *See also Ex parte Davis,* 68 Cal.App.2d 798, 158 P.2d 36, 38–40 (1945); *Stark v. Livermore,* 3 N.J.Super. 94, 65 A.2d 625, 627 (App.1949).

11. 466 F.2d 765 (7th Cir.1972).

12. *Salazar,* 466 F.2d at 766–67.

13. 514 P.2d 12 (Alaska 1973).

14. *Moser,* 514 P.2d at 13 n. 3.

15. 557 P.2d 774 (Alaska 1976).

that the federal extradition statute had not preempted the field of extradition:

[T]he reasonable assumption is that by the omission to extend the statute to the full limits of constitutional power it must have been intended to leave the subjects unprovided for not beyond the pale of all law, but subject to the power which then controlled them,—state authority until it was deemed essential by further legislation to govern them exclusively by national authority. In fact, such conclusion is essential to give effect to the act of Congress . . . [16]

We reject Swarner's claim that 18 U.S.C. § 3182 preempts state law and requires that, for purposes of an extradition request, an affidavit supporting an information must be executed before a magistrate.

### Conclusion

The superior court properly denied Swarner's petition for writ of habeas corpus. The judgment of the superior court is AFFIRMED.

MANNHEIMER, Judge, concurring.

In *Evans v. State*, 820 P.2d 1098 (Alaska App.1991), this Court confronted a case very much like Swarner's. The State of Montana sought extradition of the defendant, and Montana's request was based on an information supported by an affidavit. The problem was that this supporting affidavit was sworn to before a notary public rather than a judicial officer.

The defendant in *Evans* claimed that Alaska law—specifically, AS 12.70.020(a)—required that the supporting affidavit be sworn to before a magistrate.[1] We rejected this argument as a misreading of the statute; we held that when an extradition request is based on an information and a supporting affidavit, AS 12.70.020(a) does not require that the affidavit be sworn to before a magistrate.[2]

In the present case, the same state—the State of Montana—seeks Swarner's extradi-

tion based on the same type of documentation: an information supported by an affidavit sworn to before a notary public. Thus, our decision in *Evans* would appear to be dispositive of Swarner's claim that the Montana documentation is not legally sufficient to support his extradition. But Swarner makes a constitutional attack on the construction of AS 12.70.020(a) that we adopted in *Evans*.

Swarner argues that if, as we said in *Evans*, AS 12.70.020(a) allows extradition based on an information (*i.e.*, a charging document drawn up by a prosecutor) and a supporting affidavit that was never presented to a magistrate, then our statute allows extradition even though there has never been a judicial finding of probable cause in the requesting state—*i.e.*, no finding by a grand jury or a judicial officer that there is indeed probable cause to believe that the person whose extradition is sought is guilty of a crime. This, Swarner asserts, is a constitutional flaw in our statute.

Swarner argues that because extradition is a type of seizure, the Fourth Amendment requires that any extradition be supported by a judicial finding of probable cause. Swarner points out that, under the federal extradition statute, 18 U.S.C. § 3182, extradition must be supported by "an indictment found or an affidavit made before a magistrate". According to Swarner, both the Fourth Amendment and the federal statute prohibit states from extraditing persons based solely on the assertions of a prosecutor or police official, even if those assertions are made under oath. Swarner contends that extradition is unconstitutional unless it is supported by a finding of probable cause made by an independent entity—either a grand jury or a judicial officer.

Our decision in *Evans* did not reach this constitutional issue because, under the facts of *Evans*, the issue was moot. Montana law does not permit a prosecutor to file a felony information unless (1) a judicial officer has found that the accusation is supported by probable cause, or (2) the defendant has ex-

---

**16.** *Montague,* 557 P.2d at 776–77 (quoting *Innes,* 240 U.S. at 134–35, 36 S.Ct. at 292).

**1.** *Evans,* 820 P.2d at 1100.

**2.** *Id.*

pressly waived the right to a judicial finding of probable cause.[3] Thus, even if our statute did potentially allow extradition without a judicial finding of probable cause, this issue was not presented in *Evans.*

It is true that the federal extradition statute speaks of only two types of documentation: an "indictment" or an "affidavit made before a magistrate". But Section 3 of the Uniform Criminal Extradition Act (1936)—the source of Alaska's statute—clearly provides for a third type of documentation: an information supported by an affidavit. And, as we noted in *Evans,* several courts have concluded that an information should be deemed the legal equivalent of an "indictment" or an "affidavit made before a magistrate" if, under the law of the requesting state, a prosecutor must obtain a judicial finding of probable cause before an information can be filed against a defendant.[4]

There are some courts that have ruled that extradition can not be premised on an information supported by an affidavit if there has been no judicial finding of probable cause. These courts have essentially declared that Section 3 of the Uniform Criminal Extradition Act, and all state statutes based on it, are unconstitutional if they are construed to permit extradition in such circumstances.[5]

Indeed, when the National Conference of Commissioners on Uniform State Laws promulgated the Uniform Extradition and Rendition Act (1980) (the successor to the Uniform Criminal Extradition Act of 1936), the Commissioners recognized that this particular provision of Section 3 of the 1936 Act was potentially subject to constitutional attack:

> Section 3 of the [Uniform] Criminal Extradition Act could face a serious constitutional challenge under *Gerstein* [*v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)] in [cases] where the ... demand [for extradition is] based upon an information supported by an affidavit but signed by the prosecutor only.... [In *Gerstein,*

the] Supreme Court held that the Fourth Amendment requires a timely independent determination of probable cause as a prerequisite to pre-trial detention.... The prosecutorial judgment [to file charges,] standing alone[,] did not meet the requirements of the Fourth Amendment. In the Court's view, it was essential that the probable cause determination be made "by someone independent of police and prosecution".

Comment to § 3–101 of the Uniform Extradition and Rendition Act (1980), found in *Uniform Laws Annotated* (2003), Vol. 11 ("Criminal Law and Procedure"), p. 104.

For this reason, § 3–102 of the Uniform Extradition and Rendition Act requires that all requests for extradition be supported by a judicially issued arrest warrant, and that this arrest warrant be accompanied by a statement that it was issued based on an indictment, or on a conviction, or on a showing of probable cause to believe that the person whose extradition is requested has committed a crime or has violated a condition of bail, probation, or similar judicial order.

But in Swarner's case (as was true in *Evans* ), this potential constitutional infirmity in the "information" clause of AS 12.70.020(a) is moot because Montana law clearly requires a judicial finding of probable cause (or the defendant's express waiver of this requirement) before an information can be filed. Thus, whatever Fourth Amendment challenge might be mounted against this provision of our statute in circumstances where an information is not accompanied by a judicial finding of probable cause, Swarner's extradition is nevertheless proper.

Accordingly, I agree that the superior court correctly rejected Swarner's habeas corpus petition and ordered his extradition to Montana.

---

3. *Evans,* 820 P.2d at 1100–01, citing Montana Statutes 46–11–101 and 46–11–201.

4. *Evans,* 820 P.2d at 1101, citing *Sollinger v. McNeel,* 656 P.2d 701 (Colo.1983), *Christopher v. Cronin,* 193 Colo. 218, 564 P.2d 424 (1977), and *In re Moore,* 2 Mass.App.Ct. 399, 313 N.E.2d 893,

895–96 (1974). *See also In re Graziani,* 156 Vt. 278, 591 A.2d 91, 93–94 (1991).

5. *See Videan v. State,* 68 Idaho 269, 194 P.2d 615, 618–620 (1948); *People ex rel. Lipshitz v. Bessenger,* 273 A.D. 19, 75 N.Y.S.2d 392, 395–96 (App.1947).