No. 14,991.

PARKER *v.* THE PEOPLE.
(117 P. [2d] 316)

Decided September 15, 1941.

Mr. O. Otto Moore, for plaintiff in error.

Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. James S. Henderson, Assistant, for the people.

*In Department.*

Mr. Chief Justice Francis E. Bouck delivered the opinion of the court.

The question before us is whether the Denver district court committed prejudicial error by adjudging insufficient, on demurrer, a certain petition filed on February 21, 1941, by the defendant in a criminal case then pending in that court.

The facts set forth in the petition are the following:

Thomas W. Parker, the plaintiff in error, was convicted of assault with intent to commit murder; during proceedings on his application for probation a doubt arose concerning his sanity at the time of and after the commission of the alleged offense; a jury empaneled to try the issue of sanity found him not guilty by reason of insanity; he was thereupon committed to the Colorado State Hospital at Pueblo and is still confined there; he is now restored to reason. The prayer of the petition sought to procure a hearing on the supposed restoration to reason.

Attached to and incorporated in the petition is an affidavit made February 13, 1941, by Parker's wife wherein she states:

"That she has known Thomas W. Parker for many years, that she is the wife of said Thomas W. Parker, and prior to July, 1939, resided with him as his wife for a period of 38 years, that during the time within which he has been confined in the Colorado State Hospital at Pueblo, Colorado, she has had numerous opportunities to observe him and to carry on discussions with him upon various subjects and from said observation and discussions with him, and with the officials of said institution, she is of the firm opinion that said Thomas W. Parker is now of sound mind, that he is neither dangerous to himself or anyone else, and can with all safety be returned to his home."

Similarly incorporated in the petition is a copy of the following letter addressed December 24, 1940, to Mrs. Parker by Dr. F. H. Zimmerman, superintendent of the Colorado State Hospital:

"Since our conversation with you we have discussed the possibility of paroling Mr. Parker.

"We do not feel that it is advisable at the present time but will observe him further. He has shown a great deal of improvement and is not nearly so irritable and is much more easily managed on the ward. We do believe that if he maintains this improvement for a sufficient length of time we may then be able to recommend to the district attorney that he be paroled. As you know, the district court has jurisdiction over his case after our recommendation has been sent.

"We shall advise you if and when we recommend his release."

To the aforesaid petition the district attorney interposed a general demurrer.

■■ It is contended by Parker's attorney that under the facts stated the defendant has the absolute right to be brought back before the court in which he was

tried, for the purpose of a trial as to his alleged restoration to sanity, with a view to his release from the state hospital.

The attorney general, on the other hand, argues that, even if there should be a remedy in other circumstances, the present petition is insufficient to entitle Parker to the remedy thereby sought, because no abuse of discretion on the part of Dr. Zimmerman is shown.

Section 2 of chapter 135, Session Laws 1937 (Suppl. 1937, '35 C.S.A., c. 105 (vol. 4), §27 (2), reads thus: "If any person who is confined in the Colorado State Hospital upon an order of court pursuant to a verdict of not guilty by reason of insanity shall, in the judgment of the superintendent of said hospital, be restored to reason and eligible for discharge or probationary discharge, the superintendent thereof shall forthwith transmit to the judge of the court which issued the order of commitment, a notice in writing by registered mail accompanied by the transcript of evidence provided in section 1 of this act, setting forth that such person has been restored to reason and the date on which he will be discharged, which shall not be less than thirty (30) days after the giving of notice as herein provided, if so ordered by the court." Apparently no other statute exists on the particular subject.

It is obvious that, if the superintendent of the state hospital should find sanity has been restored (which he has not done), Parker's release would be simple. Counsel insists, however, that the procedure outlined in the statute just quoted is not exclusive and that the mere failure of the superintendent to make a favorable finding results in an inherent concurrent right to invoke the committing court's jurisdiction by petition of the defendant.

The good faith of public officers in their official acts is, at the outset, always presumed. If that presumed good faith were assailed by proper pleadings and made a specific issue, we might well concede—for the sake of

the argument—that justice would require a speedy trial of the issue whether the officer has abused his discretion in failing to give the notice provided for by the petition referred to. It is plain that such a situation has not yet arisen. The allegations of the petition are palpably insufficient to tender such an issue.

The demurrer was properly sustained.

Judgment affirmed.

MR. JUSTICE YOUNG, MR. JUSTICE KNOUS and MR. JUSTICE BURKE concur.