## No. 20832.

JAMES CARLOS PIGG *v.* HARRY C. TINSLEY, WARDEN OF
THE COLORADO STATE PENITENTIARY.

(405 P.2d 687)

Decided September 13, 1965.

MELLMAN, MELLMAN & THORN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN E. BUSH, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

JAMES CARLOS PIGG, to whom we will refer as the petitioner, is here on writ of error to review a judgment by which the trial court denied his petition for a writ of habeas corpus. In so doing, the trial court stated that the petition on its face showed that the petitioner was not entitled to be discharged from custody.

The petitioner was accused of first degree murder and upon the trial thereof was found not guilty by reason of insanity. Pursuant to statute he was committed to the Colorado State Hospital at Pueblo. On March 11, 1963, he filed a petition for writ of habeas corpus in which it was alleged that he was illegally confined at the Colorado state penitentiary under an order of transfer made pursuant to C.R.S. '53, 71-2-4; that the statute is unconstitutional in that it violates the provisions of Article II, Section 25, Article V, Section 1, and Article 18, Section 4 of the Constitution of Colorado, as well as the Fourteenth Amendment to the Constitution of the United States. It was further alleged that the petitioner had been restored to reason and that there is no procedure other than habeas corpus by which he can secure an adjudication of his right to be released on that ground.

Counsel appearing for petitioner in this court did not represent him in the trial court. With reference to the allegations contained in the petition for writ of habeas corpus, he frankly admits that they are wholly insufficient to justify granting the relief sought by the petition. He directs our attention to decisions of this court, and elsewhere, which have determined that the statute authorizing the Governor to transfer insane persons to the state penitentiary for safe keeping does not violate the due process clause of the state or federal constitutions. *Tinsley v. Crespin,* 137 Colo. 302, 324 P.2d 1033, 95 A.L.R. 1455. He asserts, and correctly so, that Article V, Section 1, of the Colorado Constitution (Initiative and Referendum) "has no bearing on any of the issues involved" in this case; and that Article XVIII, Section 4, which defines a felony, furnishes no legal basis

to petitioner for the relief sought by him. It is also frankly admitted by counsel for petitioner that the opinions of this court in *Bartosik v. People,* 155 Colo. 219, 393 P.2d 571, and *Parker v. People,* 108 Colo. 362, 117 P.2d 316, clearly demonstrate that there is no merit to the contention that habeas corpus is the only procedure by which petitioner can secure an adjudication that he has been restored to reason. The truth is that such an adjudication cannot be had in habeas corpus proceedings.

Notwithstanding the admitted fact that the petition contains no allegation upon which the trial court would be justified in issuing a writ of habeas corpus, it is argued that for reasons *other* than those presented in the petition and argued in the trial court, we should nullify the action of the Governor in ordering the transfer of petitioner from the hospital to the penitentiary, and summarily order his return to the former institution. The argument is made that there is no showing that, "A proper request was made by the Superintendent of the State Hospital and that the Governor acted as required by statute in issuing the Executive Order and ordering the transfer of the petitioner from the State Hospital to the State Penitentiary."

 Suffice it to say that the burden rested upon the petitioner to allege facts entitling him to relief. He raised no issue concerning the insufficiency of the executive order or the failure of the Governor to comply with the statute authorizing the transfer. These arguments are advanced for the first time in this court. In the absence of allegations raising issues in this connection the presumption of regularity sustains the executive order. 39 C.J.S. Habeas Corpus, Section 120 (b).

The judgment is affirmed.