No. 24547.

HILBERT SCHAUER, DIRECTOR OF DEPARTMENT OF INSTITU-
TIONS, AND CHARLES E. MEREDITH, SUPERINTENDENT ·OF
STATE HOSPITAL, PUEBLO, COLORADO *v.*
GEORGE WASHINGTON SMELTZER.

(488 P.2d 899)

Decided August 9, 1971.    Rehearing denied October 4, 1971.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, RICHARD D. ROBB, Assistant, JAMES D. MCKEVITT, District Attorney, JARVIS W. SECCOMBE, District Attorney, GREGORY A. MUELLER, Assistant, PATRICIA W. BRITTAIN, Deputy, for plaintiffs in error.

MELLMAN, MELLMAN and THORN, P.C., GERALD N. MELLMAN, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

GEORGE WASHINGTON SMELTZER was charged with assault with a deadly weapon and assault to murder and entered a plea of not guilty and not guilty by reason of insanity. On March 1, 1967, he was found not guilty by reason of insanity in a trial before a jury and was committed to the Colorado State Hospital. Thereafter, on December 10, 1968, pursuant to C.R.C.P. 106(a)(4), he filed a petition for writ of habeas corpus alleging that he was entitled to release pursuant to 1965 Perm. Supp., C.R.S. 1963, 39-8-4 (13), which provides that:

"(13)(a) Any defendant committed to or held in the state hospital at Pueblo, or other institution provided by law, by virtue of a verdict and finding of not guilty by reason of insanity as provided in sections 39-8-1 through 39-8-5 may petition the committing court for discharge or for conditional release by writ of habeas corpus. Upon a hearing in the committing court on such writ such defendant must prove, by a preponderance of evidence, that:

"(b) He has no abnormal mental condition which would be likely to cause him to be dangerous either to himself or to others or to the community in the reasonably foreseeable future; and

"(c) That the superintendent of the hospital or institu-

tion where such defendant is held acted arbitrarily and capriciously in refusing to certify the defendant as being sane as defined by this section, and that such defendant is eligible for conditional release; and

"(d) That such defendant is entitled to be discharged or that he is entitled to conditional release."

■ Habeas corpus is a civil action, and the proceedings are governed by the Colorado Rules of Civil Procedure. *Oates v. People,* 136 Colo. 208, 315 P.2d 196 (1957). After the writ of habeas corpus issued, the petitioner refused to be examined at either the University of Colorado Psychiatric Hospital or at the Colorado State Hospital at Pueblo, Colorado. The respondents then moved for an order compelling the petitioner to submit to a mental examination, in accordance with the provisions of C.R.C.P. 35, and the motion was granted.[1]

The issues in the habeas corpus petition were tried by a jury. Six psychiatrists testified for the petitioner and stated that in their opinion the petitioner was not suffering from any abnormal mental condition which would be likely to cause him to be harmful to himself and to others in the foreseeable future. In short, the petitioner's witnesses said that the petitioner was sane and was not dangerous to himself or to anyone else. Three psychiatrists and one psychologist, all of whom were members of the Colorado State Hospital staff, testified to the contrary. The petitioner offered no evidence to support his allegation that the superintendent had acted arbitrarily and capriciously in refusing to certify him as being restored to reason. Based on the petitioner's failure to either plead facts or to offer evidence to support the conclusion in the habeas corpus petition that

[1]For authorities permitting the trial court to order psychiatric examination when the plea of not guilty by reason of insanity is entered, *see Battle v. Cameron,* 260 F.Supp. 804 (D.C. D.C. 1966); *Pope v. United States,* 372 F.2d 710 (8th Cir. 1967); *Alexander v. United States,* 380 F.2d 33 (8th Cir. 1967); *United States v. Albright,* 388 F.2d 719 (4th Cir. 1968). *See also, State v. Myers,* 220 S.C. 309, 67 S.E.2d 506, 32 A.L.R.2d 434 (1951). *Cf., French v. District Court,* 153 Colo. 10, 384 P.2d 268 (1963).

the superintendent had acted arbitrarily and capriciously, the respondents made motions to dismiss and for a directed verdict at the close of the evidence and after the verdict was returned, in accordance with C.R.C.P. 50 (a) and (b). The trial court denied the respondents' motions to dismiss, even though the record is devoid of evidence to support the conclusion that the superintendent acted arbitrarily and capriciously, and no facts were pleaded. The jury's verdict was rendered by its answers to the following interrogatories:

"1. Do you find that the Petitioner has an abnormal mental condition which would be likely to cause him to be dangerous either to himself or to others or to the community in the reasonably foreseeable future? [Answer] "No."

"2. Do you find that the Superintendent of the Colorado State Hospital, where such petitioner is held, acted arbitrarily and capriciously in refusing to certify the petitioner as being sane as defined by Instruction No. 3 and that such petitioner is eligible for conditional release?
[Answer] "Yes."

"3. Is the petitioner entitled to be discharged?
[Answer] "No."

"4. Is the petitioner entitled to a conditional release?
[Answer] "Yes."

Based upon the jury's verdict, the trial court ordered that the petitioner be conditionally released, and from that order the respondents have prosecuted this writ of error.

The sole issue before this Court is whether there was some evidence to support the jury's finding that the superintendent's refusal to certify the petitioner as sane was "arbitrary and capricious." The legal meaning of the words "arbitrary and capricious" was set forth by the court in *Robertson v. Cameron,* 224 F.Supp. 60 (D.C. 1963), in construing a statute which is similar to ours [D.C. Code 1961, § 24-301 (c, g)]. There, the court held

that the terms "arbitrary and capricious" referred to behavior motivated by personal notion or whim, rather than action prompted by a reasonable or rational basis. The court also held that the superintendent need not have acted in bad faith to be guilty of "arbitrary and capricious" conduct. Thus, the mere fact that a superintendent's action is well-intentioned will not save it from being "arbitrary and capricious" where it is shown to be unsupported by evidence relating to the petitioner's mental condition.

In this case, the superintendent's refusal to certify the petitioner as sane was supported by the testimony of four members of the Colorado State Hospital staff. This testimony clearly provided a rational basis for the superintendent's action. Since no evidence was presented to show that the superintendent's decision was motivated by personal notion or whim, we conclude that the testimony presented on the petitioner's behalf did not warrant his conditional release and that the respondents' motion for a directed verdict should have been granted. *Accord, Parker v. People,* 108 Colo. 362, 117 P.2d 316 (1941); *Pigg v. Patterson,* 370 F.2d 101 (10th Cir. 1966); *Foller v. Overholser,* 292 F.2d 732 (C.A. D.C. 1961); *Overholser v. Leach,* 257 F.2d 667 (C.A. D.C. 1958).

Accordingly, we reverse the Order of the District Court and direct that the District Court discharge the writ of habeas corpus.