No. 25009.

Robert Lee Brisbin *v.* Hilbert Schauer, Executive Director, Colorado State Department of Institutions, and Charles E. Meredith, Superintendent, Colorado State Hospital.

(492 P.2d 835)

Decided December 27, 1971. Rehearing denied January 31, 1972.

WILLIAM L. LLOYD, for petitioner-appellant.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PATRICIA W. ROBB, Special Assistant, for respondents-appellees.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

ROBERT LEE BRISBIN (hereinafter referred to as appellant) was charged with murder in the first degree to which he pleaded not guilty by reason of insanity. He was tried to the court and found not guilty by reason of insanity at the time of the alleged commission of the crime. He was committed to the Colorado State Hospital at Pueblo.

Six months later, in December, 1969, appellant filed a Petition for Writ of Habeas Corpus asking the Montezuma County District Court to determine if he was entitled to discharge or conditional release. The court issued the writ and a return was filed. In January, 1970, appellant filed a Motion for Change of Venue, alleging he could not receive a fair jury trial in Montezuma and neighboring counties, and that it would be more to the

convenience. of witnesses to hold the trial in .Pueblo County. In addition to appellant's affidavit supporting his motion; sixteen affidavits from citizens of Montezuma County were. affixed supporting his claims. The court denied the motion on the grounds that appellant was not entitled to a change of venue in a hearing on a Writ of Habeas Corpus. Following denial of appellant's Motion for Change of Venue, the appellant chose to' have his case tried to the court.

Pursuant to a hearing on the writ, appellant was re-committed to the Colorado State Hospital. Appellant's Motion for New Trial was denied.

From these proceedings appellant appeals, contending that the trial judge erred in denying the motion. We agree that the reasoning underlying the ruling on the motion was incorrect. However, we find that appellant was not prejudiced by the error because he later elected to try his case to the court without a jury. Accordingly, we affirm the judgment of the trial court.

 The trial court based its denial of appellant's Motion for Change of Venue on its belief that a change of venue was not available because the remedy sought arose pursuant to a Writ of Habeas Corpus. We do not agree with the trial court on this point. Where a jury trial is granted, the right to a fair and impartial jury is a constitutional right which can never be abrogated. *Groppi v. Wisconsin,* 400 U.S. 505, 91 S.Ct. 490, 27 L.Ed.2d 571;. U.S. Const., amends VI, XIV; Colo. Const., art II, §§ 16, 23. And if a community is prejudiced against a citizen or if other circumstances are likely to deny him a fair and impartial jury trial, then a change of venue must be granted. *Groppi v. Wisconsin, supra;* C.R.C.P. 98; Crim. P. 21. Where, as here, a statutory remedy provides for a jury trial and there are no change of venue provisions provided for in that statute, then the procedure to obtain a change of venue is governed by the applicable Colorado Rules of Procedure.

 In the present case, however, appellant tried

his case to the trial court, although the statute expressly provides that if he had so demanded, he could have had a trial to a jury. 1965 Perm. Supp., C.R.S. 1963, 39-8-4(14). By electing to try the case to the court appellant here was foreclosed from asserting error in the denial of a change of venue. His contention in presenting his motion for a change of venue was that he could not obtain trial by a fair and impartial jury in the district in which he was proceeding. Nowhere did he complain that he could not obtain a fair trial before the trial judge. Under such circumstances, the issue of whether the change of venue should have been granted became moot. If appellant desired to attack the validity of the ruling on his motion for change of venue because he could not receive a fair and impartial jury, he should have proceeded to a jury trial and then appealed if the result returned was unfavorable to him.

Appellant raises issues concerning the constitutionality of the statute. These issues, however, have been disposed of adversely to his position in *Schauer v. Smeltzer*, 175 Colo. 364, 488 P.2d 899.

The judgment is affirmed.