SMITH, Judge.
Appellant contends he may not be separately sentenced on five counts of manslaughter by culpable negligence because the five victims were killed in a single automobile collision, characterized by appellant as a single transaction. We cannot assent. We have upheld separate sentences for violent crimes consecutively directed against , two or more persons. Booth v. State, 332 So.2d 157 (Fla. 1st DCA 1976). We have also upheld separate sentences for violent crimes simultaneously directed toward two or more persons. Robinson v. State, 323 So.2d 62 (Fla. 1st DCA 1975). Assuming as appellant argues that the accused there intended that his offense affect two or more persons, the same may be said for appellant’s culpable indifference to the safety and number of his victims in this case, which was equivalent to an intentional violation of their safety. Cornell v. State, 159 Fla. 687, 32 So.2d 610 (1947); Preston v. State, 56 So.2d 543 (Fla.1952); Maxey v. State, 64 So.2d 677 (Fla.1953).
The trial court erred, as the State concedes, in purporting to impose a driving prohibition as a condition of any future parole from the flat sentences imposed and purporting to require, alternatively, that a member of the parole commission then accompany appellant when he operates a vehicle “so that they will be in as much jeopardy as other innocent persons on the highways.”
The purported parole conditions are stricken from the sentences and, as so modified, the judgments are
AFFIRMED.
BOYER, C. J., and MILLS, J., concur.