COMMONWEALTH *vs.* LUKE W. MEEHAN. November 18, 1982. On July 11, 1981, the defendant, while intoxicated, operated his motor vehicle on Route 93 in Stoneham, where he struck a motorcycle from the rear. Two young men on the motorcycle were killed in the collision. A jury subsequently convicted the defendant on an indictment charging him, under G. L. c. 90, § 24G (inserted by St. 1976, c. 227), with two counts of vehicular homicide. The defendant was sentenced to consecutive two and one-half year terms in a house of correction. On appeal, he contends that since both deaths were caused in a single accident, only one sentence may permissibly be imposed under G. L. c. 90, § 24G.

As pointed out in *Commonwealth* v. *Levia*, 385 Mass. 345, 347 (1982), the double jeopardy clause of the Fifth Amendment to the United States Constitution prohibits punishing a person twice for the same offense, but that clause imposes few limitations on the legislative power to define offenses. The decisive question, therefore, is whether the Legislature intended that each death constitute a separate offense where a person, by reason of operation of a motor vehicle in violation of G. L. c. 90, § 24G, causes the death of more than one person in a single automobile accident. General Laws c. 90, § 24G, provides in pertinent part that "[w]hoever . . . operates a motor vehicle . . . [while under the influence of intoxicating liquor as prohibited by G. L. c. 90, § 24(1)(*a*)], or so operates a motor vehicle recklessly or negligently so that the lives or safety of the public might be endangered, and by any such operation so described causes the death of another person shall be guilty of homicide by a motor vehicle" punishable by an appropriate penalty. The legislative history of § 24G indicates that the statute was designed "to provide a middle ground between the felony of manslaughter and the misdemeanor[s] of driving so as to endanger" and drunken driving so that the public could be better protected against the spiralling rate of highway deaths caused by negligent, reckless and intoxicated drivers. See *Commonwealth* v. *Jones*, 382 Mass. 387, 390-391 (1981). Despite inclusion in c. 90 with motor vehicle offenses, § 24G falls within the general category of homicide offenses

Those offenses traditionally have permitted punishment for each death caused by a defendant's criminal conduct. See, e.g., *Commonwealth* v. *Hall*, 369 Mass. 715, 735 (1976); *Commonwealth* v. *Laliberty*, 373 Mass. 238, 239 (1977); *Commonwealth* v. *Wilson*, 381 Mass. 90, 122 (1980). Moreover, the Legislature has expressly provided for punishment of any violation of § 24G which causes the death of "another person." The deliberate use of these words signifies a legislative determination, see *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977), that the gravamen of the offense is the killing of a human being as distinguished from unlawful operation of a motor vehicle. We conclude that the Legislature intended that each death caused in one accident in violation of § 24G could be prosecuted and punished thereunder as a separate offense. We note that a similar conclusion has been reached in other jurisdictions under their manslaughter or vehicular homicide statutes. See *People* v. *DeCasaus*, 150 Cal. App. 2d 274, 280, cert. denied, 355 U.S. 890 (1957); *Murray* v. *United States*, 358 A.2d 314, 320-321 (D.C. 1976); *Rosier* v. *Florida*, 343 So. 2d 972, 973 (Fla. Dist. Ct. App. 1977). Finally, the establishment of the penalty for the offense is a matter entrusted to the discretion of the Legislature. See *Commonwealth* v. *Jones*, 9 Mass. App. Ct. 103, 120-121 (1980), *S.C.*, 382 Mass. 387 (1981) (rev'd on other grounds). With that principle in mind, we see no basis for concluding that the imposition of consecutive sentences on this defendant was oppressive.

*Judgments affirmed.*

*Joseph I. Mulligan, Jr.*, for the defendant.
*Robert M. Raciti*, Assistant District Attorney, for the Commonwealth.