**Thomas Walter SOLLINGER, Plaintiff-Appellant,**

v.

**John A. McNEEL, Jr., Sheriff of Garfield County, Defendant-Appellee.**

**No. 82SA12.**

Supreme Court of Colorado, En Banc.

Jan. 10, 1983.

Thomas T. Crumpacker, Aspen, for plaintiff-appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for defendant-appellee.

PER CURIAM.

This is an extradition proceeding in which the defendant-petitioner, Thomas Walter Sollinger, appeals from the denial of habeas corpus relief. We affirm. The defendant is charged in the State of Nevada with the crimes of supplying controlled substances

[N.R.S. 453.321] and failure to appear after admission to bail [N.R.S. 199.335]. The charges relating to the supplying of controlled substances are supported by a transcript of a preliminary hearing which was held on November 29, 1977. The preliminary hearing resulted in a finding of probable cause on two counts in the information. The second charge, failure to appear after admission to bail, was supported by a sworn complaint accompanied by an arrest warrant.

The defendant attacks the sufficiency of the extradition documents by alleging that the demand for extradition by the Governor of Nevada was not supported by an affidavit or by a copy of an affidavit made by a magistrate with a copy of the warrant issued thereon to substantiate the criminal charges against him. Section 16–19–104, C.R.S.1973 (1978 Repl.Vol. 8).[1] The district court concluded that the documents which accompanied the demand for extradition for failure to appear after admission to bail were insufficient, but denied habeas corpus relief because the charges of supplying a controlled substance were supported by the documents required by section 16–19–104. It is not necessary for us to review the district court's ruling on the charge of failure to appear after admission to bail, because the documents before the district court supported extradition on the controlled substance charges. *People v. Baca,* 193 Colo. 9, 562 P.2d 411 (1977); *Jordan v. Cronin,* 191 Colo. 550, 554 P.2d 1099 (1976). It is also beyond dispute that the Nevada court's finding of probable cause is not subject to review by Colorado courts. *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58

L.Ed.2d 521 (1978); *Dietz v. Leach,* 199 Colo. 293, 607 P.2d 993 (1980). An information, followed by a preliminary hearing and a finding of probable cause is the equivalent of an indictment and satisfies the requirements of section 16–19–104. *Pippin v. Leach,* 188 Colo. 385, 534 P.2d 1193 (1975).

The governor's warrant from Nevada certified the supporting documents as authentic and establishes their validity. *Keefer v. Leach,* 198 Colo. 101, 597 P.2d 203 (1979). No evidence was presented which would overcome the presumption of validity as to the governor's warrant or which would require relief in the nature of habeas corpus. *Pigg v. Tinsley,* 158 Colo. 160, 405 P.2d 687 (1965).

Accordingly, we affirm.

---

1. Section 16–19–104:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under section 16–19–107, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereup-

on, or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, or judgment of conviction or sentence must be authenticated by the executive authority making the demand."