The **PEOPLE** of the State of Colorado,
Plaintiff-Appellee,

v.

**Badawi Kamel WAFAI,**
Defendant-Appellant.

No. 83CA0623.

Colorado Court of Appeals,
Div. I.

Sept. 26, 1985.

Rehearing Denied Oct. 31, 1985.

Certiorari Granted (Wafai) Feb. 24, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Gerald E. Piper, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Badawi Kamel Wafai, appeals from the judgment of conviction entered pursuant to jury verdicts of guilty of two counts of first degree murder, based on defendant's shooting and killing his brother and sister-in-law. Defendant also appeals his two consecutive life sentences. We affirm.

### I.

#### A. Sua Sponte Venue Change

Defendant first argues that the trial court erred in *sua sponte* changing venue. He argues that since a change of venue is for the benefit of the defendant, it can be done only upon motion by one of the parties. We disagree.

Sections 16–6–101 through 16–6–104, C.R.S. (1978 Repl. Vol. 8), which govern change of venue, do not expressly allow a *sua sponte* change, but they also do not prohibit it in any way. Instead, § 16–6–104 provides that change of venue proceedings "are governed by the provisions of applicable rules of criminal procedure." Accordingly, Crim.P. 21(a)(1) governs this issue. It states:

> "The place of trial *may* be changed when the *court* in *its* sound discretion determines that a fair or expeditious trial cannot take place in the county or district in

which the trial is pending." (emphasis added)

Thus, Crim.P. 21(a)(1) expressly permits the trial court, in *its* sound discretion, to change venue. *See People v. Botham*, 629 P.2d 589 (Colo.1981). A different interpretation of Crim.P. 21(a)(1) would offend the defendant's right to a fair trial in a situation such as here where an impartial jury could not practicably be impanelled in the county of defendant's choice.

In addition, "[i]f a community is prejudiced against a citizen or if other circumstances are likely to deny him a fair and impartial trial, then a change of venue must be granted." *Brisbin v. Schauer*, 176 Colo. 550, 492 P.2d 835 (1971). The question as to the existence of prejudice is one of fact and rests within the sound discretion of the trial court. *Nowels v. People*, 166 Colo. 140, 442 P.2d 410 (1968). We therefore find no error in the trial court's *sua sponte* change of venue.

### B. Constitutional Requirement

Defendant next argues that he has a constitutional right to be tried in the *county* where the offense occurred. He cites Colo. Const., art. II, § 16, which states that an accused "shall have the right ... [to] trial by an impartial jury of the *county or district* in which the offense is alleged to have been committed." (emphasis added)

■ We agree with the People that the term "district" means "judicial district." We are not persuaded by defendant and his reliance on *In re Oberst*, 133 Kan. 364, 299 P. 959 (1931), which concludes to the contrary. The unique factual and historical situation in Kansas which dictated that the Supreme Court of Kansas equate the term "district" to that of "county" does not reflect the situation of Colorado. Colorado has, on the contrary, always differentiated between the term "county" and the term "district." *See, e.g., Dixon v. People*, 53 Colo. 527, 127 P. 930 (1912) (differentiation made between "district" and "county" courts); and *People v. Gibson*, 53 Colo. 231, 125 P. 531 (1912) (differentiation made between the jurisdictional authority of a "district attorney" and that of a "county

attorney"). Also, the change of venue statutes, §§ 16–6–101 through 16–6–104, C.R.S. (1978 Repl. Vol. 8), differentiate between "county" and "judicial district."

■ Therefore, the words "county" and "district" are not synonymous in Colorado, and the trial court had jurisdiction to order selection of the jury from another county within the judicial district.

■ Finally, we consider whether the judicially chosen means of insuring the defendant's constitutional right to a fair trial did in fact preserve his right to a fair trial. *See People v. Botham, supra.*

Here, over a period of two weeks, five full jury panels and over 330 individual jurors from those panels were exhausted. Yet, no juror was seated. The trial court found that the prejudices of the jurors and the publicity given to the two-week jury selection provided no likelihood of better results with future panels in Douglas County. Subsequently, pursuant to the trial court's order, a jury was selected from Arapahoe County although the trial itself took place in Douglas County. The record shows that, even in Arapahoe County, over 50 jurors were questioned from a list of over 200 potential jurors before a jury was finally impanelled. The record further indicates that both parties were satisfied with the impartiality of the ultimately selected jury from Arapahoe County. Under these circumstances, we uphold the trial court's chosen means of preserving the defendant's right to a fair trial.

## II.

■ Defendant contends that the trial court erred in admitting a translation from Arabic to English of a letter written by defendant and found in the bedroom of the victims. At trial, defendant challenged the accuracy of this translation, and challenged the method used in the translation. However, defendant acknowledged the qualifications of the expert who made the translation and who testified concerning the letter and translation. Also, defendant does not challenge the authenticity of either the

original letter or of the translation itself. As such, his challenges of accuracy and methodology go to the weight of the evidence and not to its admissibility. Accordingly, inasmuch as defendant had a full opportunity to cross-examine the expert and to argue in closing argument against the accuracy of the translation, there was no error in the admission of the translation.

■ Defendant also argues that the translation was irrelevant. Again, we disagree.

The question of relevancy is within the sound discretion of the trial court. *People v. Lowe*, 660 P.2d 1261 (Colo.1983). There is no abuse of discretion here where the evidence has probative value in that it is indicative of defendant's intent, and such probativeness outweighs any prejudicial effect. *See* CRE 401 and CRE 403.

### III.

Defendant next contends that the trial court erred in permitting the prosecution to cross-examine defendant's expert psychologist with regard to defendant's ability to differentiate between right and wrong. Specifically, defendant argues that such testimony was irrelevant, and that it broached the issue of sanity and thus the trial court should have instructed the jury on the sanity issue. We disagree.

■ A determination as to relevancy, being within the sound discretion of the trial court, will not be reversed on review absent an abuse of discretion. *People v. Lowe, supra.* There was no abuse here where the evidence had probative value in that it was indicative of defendant's state of mind, his "judgment," and his inclinations (or disinclinations). *See* § 18–3–101, C.R.S. (1978 Repl. Vol. 8); CRE 401.

Furthermore, error may not be predicated upon a ruling which admits evidence "unless a substantial right" of the defendant is affected. CRE 103(a). Here, the prosecution inquired into statements made by the psychologist in his report, to the effect that defendant did not appear "to have been psychotic," that his ability to differentiate between right and wrong was not incapacitated by mental disease, and that defendant's personality disorder and his depression were not of "sufficient severity to declare [his] willpower impaired to the point that he could not refrain from the shooting." These questions were within the scope and broad limits accorded cross-examination, and did not affect a "substantial right" of the defendant. Thus, their admission was not erroneous. *See* CRE 103(a); *People v. Taylor*, 190 Colo. 210, 545 P.2d 703 (1976). Furthermore, these questions did not sufficiently broach the issue of sanity to require supplemental instructions to the jury. *See People v. Mattas*, 645 P.2d 254 (Colo.1982); *Bustamonte v. People*, 157 Colo. 146, 401 P.2d 597 (1965).

### IV.

■ Defendant's final challenge focuses on his two consecutive life sentences. He argues that § 18–1–408(3), C.R.S. (1978 Repl. Vol. 8) prohibits consecutive sentencing when multiple convictions, such as his, are obtained on the basis of identical evidence. However, defendant's multiple convictions arise from crimes committed upon different victims; therefore, the evidence is not identical, and § 18–1–408(3), C.R.S. (1978 Repl. Vol. 8) is inapplicable. *People v. Cullen*, 695 P.2d 750 (Colo.App.1984).

■ We find no abuse of discretion in the consecutive life sentences imposed by the trial court. *People v. Montgomery* 669 P.2d 1387 (Colo.1983); *see People v. Beland*, 631 P.2d 1130 (Colo.1981).

The judgment of conviction and sentences are affirmed.

VAN CISE and STERNBERG, JJ., concur.