The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Dennis **HAHN**, Defendant–Appellant.

No. 89CA0719.

Colorado Court of Appeals, Div. IV.

Jan. 17, 1991.

Rehearing Denied Feb. 21, 1991.

Certiorari Denied Aug. 5, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Kathleen A. Lord, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Dennis Hahn, appeals the sentence imposed by the district court upon his pleas of guilty to the offenses of vehicular eluding resulting in death, § 18–9–116.5, C.R.S. (1986 Repl.Vol. 8B), and two counts of first degree assault, § 18–3–202, C.R.S. (1986 Repl.Vol. 8B). He argues that the trial court erred in imposing consecutive sentences for the two assault counts under § 16–11–309(1)(a), C.R.S. (1986 Repl.Vol. 8A) and that, in any event, the trial court abused its discretion by imposing a sentence that will result in a total incarceration of 42 years. We affirm.

## I.

The violent crime statute, § 16–11–309(1)(a), provides that

"A person convicted of two *separate* crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently." (emphasis supplied)

Here, both first degree assault charges to which defendant pleaded guilty alleged the use of a motor vehicle as a "deadly weapon" in violation of § 18–3–202(1)(e), C.R.S. (1986 Repl.Vol. 8B). From the allegations of the indictment and statements made by defense counsel at the providency hearing, it appears that defendant, while attempting to elude two police vehicles that were pursuing him, swerved toward each vehicle on separate occasions. It was these two maneuvers, characterized as attempts to "ram" each vehicle, that formed the factual predicate for the two assault counts.

Although conceding that he could be convicted of both counts because separate victims were involved, defendant argues that the General Assembly's specific use of the word "separate" in the governing statute evidences an intent that consecutive sentences should be imposed only if the two or more violent crimes result from two or more independent and unconnected acts. He argues that if, as here, the offenses, although arising out of the same incident, result from one, continuous course of action, the statute is inapplicable. We disagree.

■ A defendant may be charged and convicted of multiple offenses arising from the same criminal episode, and it is only if the identical evidence would establish his guilt of each of the offenses that concurrent sentences are mandated. Section 18–1–408, C.R.S. (1986 Repl.Vol. 8B); *People v. Anderson*, 187 Colo. 171, 529 P.2d 310 (1974); *People v. Wafai*, 713 P.2d 1354

(Colo.App.1985), *aff'd*, 750 P.2d 37 (Colo. 1988).

■ In our view, the legislative use of the term "separate" in § 16–11–309(1)(a) was intended merely to incorporate this concept. Thus, if guilt of two or more crimes of violence is established by identical evidence, the crimes are not "separate" for this purpose. However, if different evidence is required to establish guilt of each of the multiple offenses, they are "separate" crimes for purposes of this statute. *See Commonwealth v. Meehan*, 14 Mass.App. 1028, 442 N.E.2d 43 (1982).

■ Here, not only were there separate victims, but each victim was in a different motor vehicle, and the assault on each was a separate act. The evidence used to prove one assault would not have been the same as would have been required to prove the other.

Thus, each of the two assaults was a "separate" crime of violence for purposes of § 16–11–309(1)(a). The statute required the court to impose consecutive sentences for these two offenses, and it committed no error in doing so.

## II.

■ We also disagree with defendant's assertion that the trial court abused its discretion in selecting the sentence imposed upon him.

The information before the trial court disclosed that, while defendant had been married to his deceased wife for little more than two years, he had a history of violent actions against her and, on occasions, against her daughter and other members of her family. Shortly before the date of the offenses, defendant and his wife separated, and he was overheard making threats against her. There were, in fact, charges of domestic violence pending against defendant on the date of his wife's death.

The police chase out of which the charges against defendant arose began when officers saw defendant's wife, who was a passenger in his vehicle, screaming and attempting to exit that vehicle. The information before the court would allow the inference that defendant restrained her against her will, attempted to elude the police at speeds exceeding 80 miles an hour, attempted to ram at least two police vehicles to prevent his apprehension, and finally, crashed his vehicle, rolling it over several times. As a result, his wife sustained fatal injuries.

As a consequence of these actions, a total of ten charges were filed against defendant, including first degree murder, second degree kidnapping, and the two first degree assaults to which he pleaded guilty.

Further, defendant had a criminal record dating back to 1979. This record included convictions for disturbances, menacing, and driving under suspension, as well as charges arising out of domestic violence against his wife.

Based upon these background facts, the trial court sentenced defendant to twelve years on the eluding charge and to fifteen years on each of the assault charges, each of the sentences to run consecutively. This resulted in a total sentence of 42 years.

In imposing these sentences, the trial court acknowledged that defendant had seemingly undergone some rehabilitation, but it concluded that the nature of the crimes to which he had pleaded guilty and the fatal result of those crimes necessitated a lengthy sentence. And, we cannot say, given the record before us, that the sentence imposed constituted a "clear abuse of discretion." Thus, we must affirm the trial court's exercise of discretion in imposing these sentences. *See People v. Vigil*, 718 P.2d 496 (Colo.1986); *People v. Hotopp*, 632 P.2d 600 (Colo.1981).

Sentence affirmed.

MARQUEZ and DAVIDSON, JJ., concur.