**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RODERICK JEROME ARNOLD,

Petitioner-Appellant,

v.

ARISTEDES ZAVARAS, Director of
Colorado Department of Corrections;
LARRY EMBRY, Warden of Fremont
Correctional Facility; GAIL A.
NORTON, Attorney General for the
State of Colorado,

Respondents-Appellees.

No. 97-1305
(D.C. No. 97-B-327)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **LOGAN**, and **LUCERO**, Circuit Judges.

---

In 1992, Mr. Arnold was convicted by a jury of first and second degree

assault.[1] He was sentenced to fifteen years' imprisonment on the first degree

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

(continued...)

assault conviction and five years on the second degree assault conviction, to run consecutively. In his 28 U.S.C. § 2254 petition, Mr. Arnold alleged these two convictions and the consecutive sentences violate his double jeopardy rights. Adopting the magistrate judge's recommendation, the district court held that a double jeopardy violation did not occur.[2] Mr. Arnold appeals to us; we affirm.

On review of a district court's ruling on a § 2254 petition, we grant a presumption of correctness to the state court's factual findings if they are fairly supported by the record. See Hatch v. Oklahoma, 58 F.3d 1447, 1453 (10th Cir. 1995), cert. denied, 517 U.S. 1235 (1996). We review the district court's conclusions of law and mixed questions of law and fact de novo. See id.; but see Wright v. West, 505 U.S. 277, 294-95 (1992) (declining to announce a standard for habeas review of the state court's application of the law to the facts).

The incident which led to Mr. Arnold's convictions occurred one evening when he was attempting to visit a local bar. Petitioner and several people with him were denied entrance to the bar; the group left after a physical confrontation with the doorman. Mr. Arnold returned and began arguing again with the doorman, he then raised his arm and shot in the area where the doorman was

_____

[1](...continued)
ordered submitted without oral argument.

[2]     The district court granted Mr. Arnold's motion for a certificate of appealability.

standing. The bullet struck another patron--uninvolved in the fracas--in the hand. Upon trial, Mr. Arnold was convicted of second degree assault based on his intent to shoot the doorman; he was convicted of first degree assault against the patron.

On direct appeal, Mr. Arnold argued that the convictions and consecutive sentences violated double jeopardy principles. Mr. Arnold proposed that only one offense had occurred because he had only fired one shot and had only intended one injury. The state court of appeals held that a double jeopardy violation did not occur because, there being two victims, the evidence was not identical, and the assaults were separate offenses. The court relied on People v. Wafai, 713 P.2d 1354 (Colo. Ct. App. 1985), aff'd, 750 P.2d 37 (Colo. 1988) to distinguish this case from those falling under the constraints of Colo. Rev. Stat. § 18-1-408(3) which requires concurrent sentences for a defendant convicted of multiple crimes based upon identical evidence. In *Wafai*, the court held that because the defendant's convictions arose from "crimes committed upon different victims," the evidence was not identical, and consecutive sentencing was permissible. Id. at 1357.

The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. When cumulative sentences are imposed by a state court in a single trial, the federal court will hold that the § 2254 petitioner has been subjected to

double jeopardy if the sentencing court meted out "greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). We are bound by the construction of a state statute given to it by the highest court in that state when assessing the intent of the state legislature. See id. at 368.

In order to protect each citizen from prohibited criminal conduct, many state courts have held that their legislatures intended to create multiple offenses from a single act when that act affects more than one person. See, e.g., State v. Henley, 687 P.2d 1220, 1222-23 (Ariz. 1984) (two assaults occurred when one bullet injured two people despite the fact that defendant performed only one act and had one intent; therefore, separate convictions and consecutive sentences did not violate double punishment clause of state statute); Goodman v. State, 601 P.2d 178, 185 (Wyo. 1979) (two distinct offenses may arise from single act without violating double jeopardy); see also United States v. Shaw, 701 F.2d 367, 396 (5th Cir. 1983) (Congress intended that when a single act causes more than a single consequence, the defendant may be convicted of separate offenses so long as each offense "requires proof of a fact not essential to the other").

The Colorado Supreme Court has expressly held that "[i]f there is only one victim, and one criminal act, the defendant can be convicted of only one count of assault." People v. Moore, 877 P.2d 840, 845 (Colo. 1994) (citing People v. Lowe, 660 P.2d 1261, 1270-71 (Colo. 1983) ("Only one conviction of murder is

-4-

permitted for the killing of one victim.")); see also People v. Driggers, 812 P.2d 702, 703 (Colo. Ct. App. 1991) (convictions for both second degree murder and first degree felony murder could not be upheld where there was but one victim).

*Moore* and *Driggers* are in applicable to the present case. The Colorado Court of Appeals' holding in *Wafai*, that the Colorado legislature intended that two convictions may arise from a single act when two victims are harmed is consistent with legislative intent. Moreover, section 18-1-408(3) was not violated, because two victims were involved the evidence presented was not identical. We perceive no legal error in the state court's determination.

The judgment is AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

-5-